1829.

Stephens
v.
Van Buren.

---

STEPHENS AND OTHERS *v.* VAN BUREN AND WYCKOFF, EXECUTORS

Where executors or administrators, without any sufficient excuse, refuse to pay over to the general guardian funds belonging to infants, they may be personally charged with costs.

If executors retain money in their hands, belonging to infants for several years without any good reason for so doing, they will be charged with the interest which they might have received thereon.

The court will protect the rights of infants where they are manifestly entitled to something, although their guardian *ad litem* neglects to claim it in their behalf.

THIS was a suit brought in the name of infants, by their guardian, to recover the amount belonging to them in the hands of the executors of their grand-father. The facts upon which the decree was founded appear in the opinion of the court.

May 25th.

THE CHANCELLOR:—This is a bill filed by infants to recover their share of the estate of their grand-father which was bequeathed to them after the death of their mother. She died about the first of December, 1825; at which time the share of the estate belonging to the complainants was $12,724 83. Their guardian applied for the payment of what was due; but the defendants declined paying it over for some reason which does not appear. The defendants and the guardian have submitted the case for the consideration and decision of this court. As there appears to be nothing in dispute between them, I can see no reason

**1829.**

**Stephens**
**v.**
**Van Buren.**

**[\*480]**

for charging these infants with the expense of this suit; and as the executors refused to pay without any excuse for such refusal, I should probably have given the guardian his costs against them if he had asked it. There is one thing, however, manifestly wrong. The executors \*have had the money three or four years in their hands, and without any excuse for retaining it, and yet the guardian does not, in his draft of the decree, even ask them to pay the interest. I cannot suffer him thus to deprive the infants of what appears a fair and equitable claim against the defendants. There must be a reference to a master to ascertain what is due to each of the infants from the defendants; and the master must charge the defendants with the interest which they have received or might have received on such amount, with reasonable diligence, since the death of the mother. The master must also ascertain whether the guardian has given sufficient security to the infants for the faithful execution of his trust; and in judging of such security, he must see that there are two responsible persons, each of whom is worth over and above all debts double the amount of the personal estate of the infants, including interest thereon during their minority, and of the whole amount of the rents and profits of their real estate during that period. The penalty of the bond should be to that extent. On the coming in and confirmation of the report, if it appears the security is sufficient, the defendants must pay the amount reported due to the guardian; and if insufficient, they must pay it into court, to be invested for their benefit by the assistant register until security is given to the satisfaction of the court.