## Case No. 7,375.

JOHNSON v. BROWN.

[4 Cranch, C. C. 235.] [1]

Circuit Court, District of Columbia. May Term, 1832.

Messrs. Key and Dunlop, for plaintiff,

R. S. Coxe, for defendant, cited Starkie, Sland. & L. 47.

The case being submitted on those authorities, CRANCH, Chief Judge, delivered the opinion of the court, (nem. con.,) as follows:

Slander; in saying of the plaintiff, "he is a yellow negro, son of a bitch, a villain, and a liar." The declaration avers, that the plaintiff is a free white male citizen of the United States, and had contracted matrimony with a free, white, female citizen of the United States. That the defendant, knowing the premises, and maliciously intending to bring the plaintiff into disgrace, and to subject him to the pains and penalties of the laws made and provided against mulattoes or negroes contracting matrimony with white women, and the other disabilities of that class of people, on the 8th of November, 1830, at Washington, &c., in a certain discourse of and concerning the plaintiff, said, "he," meaning the said plaintiff, "is a yellow negro, son of a bitch, a villain, and a liar;" meaning thereby that the plaintiff was stained with black blood, and was of negro or mulatto origin, and, as such, subject to the laws and penalties and disabilities provided for, and relating to, that class of people. By means of the speaking of which, &c., the plaintiff is hurt in his good name, &c., insomuch that divers good citizens, to whom his innocence was unknown, have, from the time of the speaking of the said words, hitherto, "suspected the plaintiff to be guilty as charged, and refuse to have intercourse with him." &c. to his damage of $5,000.

[1] [Reported by Hon. William Cranch, Chief Judge.]

To this declaration there is a general demurrer, and the questions are, 1st. Are these words actionable per se? 2d. If not, are they actionable connected with the averment that the plaintiff had married a white woman, and that that fact was known by the defendant at the time of speaking and publishing the words, and that he spoke them with intent to subject the plaintiff to the pains and penalties prescribed by the laws against mulattoes and negroes contracting matrimony with white women; and without the averment of a colloquium respecting the marriage?

1. The words spoken do not charge that the plaintiff, being a free negro or mulatto, intermarried with a white woman; but merely that the plaintiff was a yellow negro. They do not charge the plaintiff with any offence; nor do they charge him with being in any condition which subjects him to legal disabilities. Neither the constitution of Maryland, nor any statute of that state, or of the United States, deprives a colored person, merely as such, of any civil rights of a citizen. It is true that in the slaveholding states, a general rule of evidence has been adopted, by which every person having negro blood, is presumed to be a slave until the contrary is proved; and such a person may be liable to some inconvenience in proving his freedom; but whether his liability to that inconvenience, is sufficient ground to make the words actionable, I have great doubt. They contain no imputation of crime, nor of moral turpitude; and mere words of disgrace, unless written and published, are not actionable. It is, indeed, actionable to say of a man, he is excommunicated; but it is because he is liable to the writ de excommunicato capiendo; so, to say that he is outlawed; for he is liable to the writ of capias utlegatum. But to say of a man that he is a yellow negro, does not subject him to any arrest to which a white man is not equally liable. The case of Eden v. Lagarè, 1 Bay. 171 (Anno 1791), cited by the counsel for the plaintiff, in which it was held to be actionable to call a white man a mulatto, was decided upon the ground that, by the laws of South Carolina, a mulatto is deprived of all his civil rights, and liable to be tried, in all cases, without a jury. See, also, King v. Wood, 1 Nott & McC. 184, and Atkinson v. Hartley, 1 McCord, 203 (Anno 1821). We do not perceive any principle in the present case, which makes the words actionable in themselves.

2. The second question is. whether they are actionable taken in connection with the other averments in the declaration. These averments are, that the plaintiff had intermarried with a white woman; that this was known by the defendant at the time of speaking the words; and that he spoke them with intent to subject the plaintiff to the pains and penalties provided by law against mulattoes or negroes contracting matrimony with white women. These pains and penalties may extend to slavery for life, unless the offender was born of a white woman, in which case the penalty is servitude for seven years. The words, however, do not charge him with this offence, nor is it alleged that they were spoken in reference to the marriage. Without such an allegation, we think the action cannot be supported, and that, therefore, the judgment upon the demurrer ought to be entered for the defendant. Judgment for the defendant.