## Juliet Hood *et al. v.* Nancy Bowman *et al.*

An infant is entitled, under a general answer, to avail himself of any defence against a bill which he might have specially insisted on. The court will not permit the rights of infants to be prejudiced by any omission of their guardian *ad litem*.

Proof of admissions made by a deceased vendor, at a remote period, should be received with due caution, especially when it is sought by such admissions to take a case without the operation of an existing statute. The admission of such testimony would invite the commission of the very perjuries which it was the object of the statute to guard against.

Where possession is insisted on as a part performance of a parol contract for the sale of land, a direct connection between the contract and the possession must be established.

A payment of a part of the purchase money does not constitute such part performance as to give validity to a parol contract for the sale of land.

This bill states that about the year 1830 Resin Hood purchased of Richardson Bowman a tract of land in the county of Yazoo, for the sum of three hundred dollars; that Hood immediately went into possession of the land, and commenced improving the same, upon the faith and in virtue of said purchase; that Hood remained in possession of the land until his death, in the year 1835; that Hood, previous to his death paid the whole amount of the purchase money, but did not procure a deed of conveyance to the same. Bowman died in the year 1834, leaving his widow and several minor heirs. The contract of sale was not in writing. The heirs of Hood filed a bill against the heirs of Bowman, to compel a specific performance of the parol contract, by the execution of a deed of conveyance to the land in question.

Nancy Bowman, widow of Richardson Bowman, deceased, in her answer admitted the parol contract for the land, but says that the terms of the contract were, that Hood was to pay Bowman one hundred dollars in hand at the time of the contract of sale, and execute his note to Bowman for the sum of two hundred dollars, payable on the first of January, 1831, with interest from the

Juliet Hood *et al. v.* Nancy Bowman *et al.*

first day of January, in the year 1830. Upon the payment of this note, together with the one hundred dollars in hand, Bowman was to make a deed of the land to Hood. At the time of the sale Hood paid only sixty dollars, and did not execute the note for two hundred dollars, as agreed upon, nor has any portion of the purchase money, except said sixty dollars, ever been paid. The answer admits that Hood was in possession of the land, and had been for some time previous to the contract of sale, but only as the tenant at will of Bowman.

A guardian *ad litem* was appointed for the minor heirs of Bowman, who answered that he knew nothing of the matter in controversy, and called on the court to protect the interests of the infants, who were of tender years.

The depositions show that Bowman, previous to his death, admitted the sale of the land, and that Hood had paid all or nearly all of the purchase money; that there could not be more than thirty dollars due at most, and perhaps not that, and that Bowman said he had promised to make Hood a title to the land on that day, and was then expecting a justice of the peace at his house to take the acknowledgement of the deed. There were unsettled accounts between Hood and Bowman at that time, and the precise amount of the payments could not then be ascertained, for the want of an account of sales of cotton which Bowman had shipped to market for Hood, and received the proceeds thereof.

THOMPSON for complainants.

It is evident that Bowman had been paid, or had the money in his own hands or subject to his control, which Hood's cotton was sold for. He promised on the day the witness conversed with him to make the deed, and to have omitted to make it was a fraud or an accident which the chancellor, by his decree, we contend, will remedy.

HUGHES for respondents.

We insist that the agreement cannot be executed, because, by complainant's own showing, it is an agreement about lands by parol, and the purchase money has not all been paid, nor lasting and valuable improvements made on the land. If these two

things had been done under the agreement alleged, they would have been a part performance, and would have taken the case out of the statute. See Wetmore *v.* White, 2 Cain's Ca. E. 87. The payment of the money, or possession taken, or any other single act will not be sufficient to take the case out of the statute, and the act or acts done must be of that character that to refuse execution of the agreement would be a fraud. See Parkhurst *v.* Van Courtland, 15 John. R. 15; S. C. 1 John. Ch. R. 273; Harris *v.* Keckerbocker, 5 Wendall, 638; Gunn *v.* Calder, 2 Dess. 171.

But it may be insisted that the answers do not set up the statute of frauds, and therefore that the defendants cannot claim its benefit. Nancy Bowman, who has answered, is the widow, having only a life estate. She never agreed to give up that life estate, having never relinquished by deed, as required by law, and her interest extends to one third only. After her death the fee remains with the other defendants, who are infants. They have answered by their guardian *ad litem*, and although they have not plead the statute, it is the duty of the court to give them the benefit of it. 1 Bibb. 204, Grant's heirs *v.* Craigmiles.

The CHANCELLOR,

This is a bill for the specific performance of a parol contract for the purchase of land, upon the ground that there has been such part performance as takes it without the operation of the statute of frauds. The principal defendants, who are the minor heirs of the vendor, have answered through their guardian *ad litem*, without insisting upon the statute, but have simply denied any knowledge of the alleged contract, and call on the court to protect their interest. Even if the contract is fully proven, unless the case is otherwise made out, a decree would not necessarily follow for the complainants because of this omission.

An infant is entitled, under a general answer, to avail himself of any defence against the bill which he might have specially insisted on. The court will not permit the rights of infants to be prejudiced by any omission of their guardian *ad litem*. Sto. Eq. Pl. 667; Stephens *v.* Vanburen, 1 Paige, 479.

In the case of Grant's heirs *v.* Craigmiles, 1 Bibb's R. 203, this question of practice was directly decided. The court held, in

that case, that a bill for a specific performance of a parol contract for land, against the minor heirs of the vendor, could not be enforced, although the statute against frauds was not insisted upon in the answer of their guardian *ad litem.*

In this case, the existence of the contract, as set out in the bill, is fully made out by the testimony. The principal question to be decided is, whether the testimony establishes such part performance of this parol contract as entitles the complainants to a specific execution. The whole evidence upon this subject is directed to prove admissions made by the vendor, in his life time, with reference to the payment of the purchase money. No receipt or other written voucher is adduced upon the subject. Proof of admissions made at a remote period, should be received with due caution, especially where it is sought, through *them,* to take a case without the operation of an existing statute. It seems to me that the admission of such testimony would invite the commission of the perjuries which it was the object of the statute to guard against. However, even giving to the testimony its broadest effect, it proves nothing more than that a *part* of the purchase money was paid. No other act of part performance of the contract is shown. It is true, the widow of the vendor (who is supposed to have been made a party on account of her dower right) states, that the vendee was in possession at the time of the contract, but denies that that possession had any reference to the terms of that contract. Suppose this admission, with its qualification, to have any effect, still it is not evidence against the other defendants, who are principally interested. There is no evidence going to show that the vendor recognized the continuing possession of the purchaser as being held by virtue of the contract, or that the latter proceeded to make lasting improvements upon the land upon the faith of that contract, with the knowledge and approbation of the vendor.

There is, then, no testimony showing any other act of part performance of his contract, than that of the payment of a *part* of the purchase money. The proof fails altogether to establish any direct connection between the contract and the possession of the vendee. This is indispensable where possession is insisted on as part performance. 1 John. C. R. 131, 146, Phillips *v.* Thompson.

25*

Although courts of equity, for the purpose of preventing fraud, have gone very far in executing parol contracts, where there was evidence of acts done in part performance, yet it is now generally admitted that the exceptions thus created to the statute have introduced nearly all the evils which it was the purpose of the legislature to avoid; and it is said that the rule is not to be extended further.    2 Sch. & Lef. 5; Grant *v.* Naylor, 4 Cranch, 235.

What acts will constitute such part performance as to give validity to the contract, is a question about which the authorities are not altogether uniform. I have found no case which goes the length of saying that a payment of a *part* of the purchase money is sufficient; the rule is otherwise laid down in 1 Fonb. Eq. 175. Nor have I found any case, except that of Lacon *v.* Mertins, 3 Atk. 4, where the mere act of paying the purchase money, *unconnected* with other acts, has been deemed sufficient.    The cases of Clinan *v.* Cook, 1 Sch. & Lef. 40; Frame *v.* Dawson, 14 Ves. 388; and Jackson *v.* Cartright, 5 Munf. 308, seem to recognize a different rule.    Applying the principles of these cases to the one before me, I am of opinion that the complainants have not made such a case as entitles them to the relief asked.

The bill must accordingly be dismissed, each party paying their own costs.