WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—September, 1880.

## STRANG *v.* STRANG.

*In the matter of the probate of the last will and testament of* JOSEPH STRANG, *deceased.*

The testator, by the third clause of his will, gave to his executorts, in trust, $5,000, to invest on bond and mortgage, the income thereof to be equally divided, and paid annually to his brother, A., and his sister, B., during their natural lives, and upon their death, the testator bequeathed $3,000 of the fund to his grandchildren. By the fourth clause he gave to his executors, in trust, $8,000, to invest on bond and mortgage, the income thereof to be paid to his wife, C., and if she outlived A. and B., then after their death the executors were directed to pay to C. the income of the $2,000 remaining from the $5,000 of the third clause. By the fifth clause C. is constituted general residuary legatee. By the sixth clause testator gives to D., after C.'s death, the use of the $10,000 mentioned in the fourth clause, for life, with remainder to her heirs and assigns. B. died on the day the testator was buried. Upon an application for the construction of the will under section 2624 of the Code of Civil Procedure, *Held,*

1. That as the income of the $5,000 was to be equally divided between A. and B., they were tenants in common thereof, and as the subsequent bequests of the $5,000 were dependent upon the death of both A. and B., there was no valid disposition of one-half of the income, in case of the death of either A. or B. alone, except by the residuary clause, and that under this clause the one-half of the income must be paid to D., the widow, during the life of A.

2. That the bequest to D., after the death of C., of the use of the $10,000 for life, was void as to the $2,000 thereof directed to be taken from the $5,000 of the third clause, after the death of A. and B., as being an illegal suspension of the absolute ownership of personal property. There being no valid disposition of these $2,000 after the first two successive life estates, they fall into the residuum and go to C.

APPLICATION for the construction of a will. The facts appear sufficiently in the opinion.

J. C. CRANE, for Alfred Strang, legatee.

THE SURROGATE.—The will in this case was duly proved, when the construction and effect of certain portions thereof were asked for, under section 2624 of the Code of Civil Procedure, by a legatee. The *third* and *fourth* clauses of the will are as follows: " I give, devise, and bequeath to my executors hereinafter mentioned, in trust, the sum of five thousand dollars, to be invested on bond and mortgage, the interest and income to be equally divided, and paid annually to my brother, Alfred Strang, and my sister, Lavina Brundage, during their natural lives, and at their decease I give and bequeath to my sister's three grandchildren the sum of one thousand dollars each, namely, Ida Roper, Harriet and William Roper, and I further provide, in case of the death of either of the three grandchildren above named not leaving any lawful issue, then such share shall be equally divided between the surviving child or children then living.

" *Fourth.* I give, devise and bequeath to my executors hereinafter named, in trust, the sum of eight thousand dollars, to be properly invested on bond and mortgage, the interest and income to be paid my wife, Harriet Strang, during her natural life, and if my said wife shall outlive my brother Alfred and my sister, Lavina Brundage, then, after their decease, I direct my executors to pay my said wife the interest and income of the two thousand dollars remaining from the five thousand dol-

lars left in trust, and mentioned in the third section of this will."

By the *fifth* clause of the will he makes his wife his general residuary legatee ; and by the *sixth* clause he gives to Ida A. Rodes the use, for life, of the $10,000 mentioned in the *fourth* clause, after the death of his wife, with remainder to her heirs and assigns.   Lavina Brundage, the sister, died on the day the testator was buried.   Two questions are presented for consideration : 1st, what disposition are the executors to make of the half of the income of the $5,000 ?   Does the brother, Alfred Strang, become entitled to it, or is it undisposed of by the will ?   He would be entitled to the whole income as survivor, if it were simply a joint bequest ; but it is not.   The income was to be *equally divided* between him and his sister.   He and Mrs. Brundage were made tenants in common of the income, and he, therefore, cannot take as survivor.  (Floyd *v.* Barker, 1 *Paige*, 480 ; Beekman *v.* Bonsor, 23 *N. Y.*, 312 ; Downing *v.* Marshall, *Id.*, 366 ; White *v.* Howard, 52 *Barb.*, 294–307 ; Hart *v.* Marks, 4 *Bradf.*, 161 ; McCloskey *v.* Reid, 4 *Id.* 334–340 ; 2 *Redf. on Wills*, 204.)   Had any income accrued intermediate the death of the testator and that of Mrs. Brundage, her legal representatives would have been entitled to it ; but as that could not be the case, and as, by the terms of the will, neither her grandchildren can take the $3,000 of the sum bequeathed to them, nor the widow the use of the remaining $2,000, until the death of both Alfred Strang and Mrs. Brundage, it seems to me to follow that the income of one-half of the $5,000 remains undisposed of, except by the residuary clause, and must be paid to the widow, who is named therein as

residuary legatee, so long as Alfred Strang may live. (Van Kleeck v. Ref. Dutch Ch., 6 *Paige*, 607.) Not until his death could the fund be disposed of as directed by the subsequent provisions of the will, if they were valid.

The second question is, has Mrs. Rodes a valid life estate in the $2,000? As has been stated, the will bequeaths the use of the $5,000 equally, for life, to the brother and sister ; at their death the use of $2,000 of it, with $8,000 more, to his wife for life ; and at her death, the use of the whole $10,000 is bequeathed to Ida A. Rodes for life, remainder " to her heirs and assigns." This provision, so far as the $2,000 is concerned, and in so far as it affects Mrs. Rodes, is void as suspending the absolute ownership of personal property, beyond two lives in being at the date of the will. (1 *R. S.*, 773, §1.)

By section 2, section 17, p. 723, relating to real estate, is made applicable to personal estate. The latter provides that where a remainder is limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and upon the death of those two persons the remainder shall take effect in the same manner as if no other life estate had been created. Accordingly, this $2,000, being otherwise undisposed of, after the estates for life therein of Lavina Brundage and Harriet Strang, the widow, will fall into the residuum (2 *Jarm. on Wills*, [5 Am. ed.] 365), and vested at once in the widow as residuary legatee, subject, however, to the life estates. (*Id.*, 453, 468.) That she is a beneficiary of the fund for life, does not prejudice her title to the fund in remainder. (*Id.*, 674.)

A decree will be entered accordingly.