## SUPREME COURT.

Thomas H. Greer *et al.*, as executors of the last will of Charles M. Belknap, deceased, agt. Zebina Belknap and others.

*Will — Construction of — Valid and invalid devises.*

The will of B., by the first clause, provided for the payment of his debts.

The second for the purchase of a lot in the cemetery and the erection of a monument.

The third a devise of $10,000 to his cousin A. C. B., together with his wearing apparel and jewelry.

The fourth devises gifts of $500 each to three different masonic societies.

The fifth read as follows: "All the rest, residue or remainder of my estate is to be divided equally between my cousin Adaline C. Belknap, the Albany Guardian Society or Home of the Friendless, the Albany Orphan Asylum and the House of Shelter."

The will was executed June 29, 1877, and the testator died August 25, 1877:

*Held, first,* that the devises to the masonic societies are valid.

*Second.* That the legacy to the "Albany Orphan Asylum" is a good bequest to "The Society for the Relief of Orphans and Destitute Children in the city of Albany."

*Third.* The devises to "The Albany Guardian Society and Home of the Friendless" and to "The House of Shelter in Albany" are void, the will not having been "made and executed at least two months before the death of the testator" (2 *R. S.* [6*th ed.*], *p.* 440, *sec.* 6).

*Fourth.* That that part of the residuary estate which would have gone to

the two institutions, "The Albany Guardian Society and Home of the Friendless" and "The House of Shelter, in Albany," had the devises been held valid, must be treated as property undisposed of by the will and must go to the next of kin.

*Albany Special Term, June,* 1882.

CHARLES M. BELKNAP died August 25, 1877, leaving a last will and testament wherein the plaintiffs were named as executors.

The first clause of said will provided for the payment of his debts.

The second for the purchase of a lot in the cemetery and the erection of a monument.

The third a devise of $10,000 to his cousin Adaline C. Belknap, together with his wearing apparel and jewelry.

The fourth devises gifts of $500 each to three different masonic societies.

The fifth read as follows : "All the rest, residue or remainder of my estate is to be divided equally between my cousin Miss Adaline C. Belknap, the Albany Guardian Society or Home of the Friendless, the Albany Orphan Asylum and the House of Shelter." The will was executed June 29, 1877.

The Albany Guardian Society and Home of the Friendless is a charitable and benevolent corporation and association, duly incorporated under an act of the legislature, passed April 12, 1848, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies," and the acts amendatory thereof.

The "House of Shelter" is a charitable and benevolent association incorporated under the same act as the last named.

The Society for the Relief of Orphan and Destitute Children in the city of Albany is a charitable and benevolent corporation under an act passed by the legislature March 30, 1831, entitled "An act to incorporate the Society for the Relief of Orphan and Destitute Children in the city of Albany," and that it does not hold the personal estate which it is authorized

to hold by the third section of said act, as amended by chapter 420 of the Laws of 1879, to wit, $250,000; that the said corporation is commonly known as and called in the city of Albany " The Albany Orphan Asylum."

It was claimed by the next of kin, Zebina Belknap, that the devises in the third clause to two of the masonic societies was void.

It was also claimed by the said Zebina Belknap that the devises in the fifth or residuary clause of the will to the Albany Guardian Society and Home of the Friendless and the House of Shelter were void, and that the proportion of the estate devised to them under the will, to wit, one-quarter to each, should go to him or next of kin. It was contended by the plaintiffs that such devises were valid, but that if they should be held invalid that then the portions of the estate devised to them, to wit, one-half thereof, being one-quarter to each, should be given to the remaining residuary legatees, to wit, Adaline C. Belknap and the Society for the Relief of Orphan and Destitute Children in the city of Albany, being one-quarter thereof to each, or one-half of the entire estate to each and not to the next of kin.

*George L. Stedman, Esq.*, for plaintiffs.

*J. M. Dawson, Esq.*, for masonic societies mentioned in will.

*A. D. Andrews, Esq.*, for Albany Orphan Asylum.

*D. Cady Herrick*, for Zebina Belknap, next of kin.

WESTBROOK, *J.* — The facts in this case are undisputed and my conclusions will be briefly stated.

*First.* The devise to the acting treasurer of Temple Chapter No. 5, Royal Arch Masons of the city of Albany, and that to the acting treasurer of Temple Commandery No. 2 of the Knights Templar of the city of Albany, are valid.

*Second.* The legacy to "The Albany Orphan Asylum" is a good bequest to "The Society for the Relief of Orphans and Destitute Children in the city of Albany" (*Lefevre* agt. *Lefevre*, 59 *N. Y.*, 434).

*Third.* The devises to "The Albany Guardian Society and Home of the Friendless," and to "The House of Shelter in Albany," are void.

The will was not "made and executed at least two months before the death of the testator" (2 *R. S.* [*6th ed.*], *p.* 440, *sec.* 6).

It ought to be said here that the institution called in the will "The Albany Orphan Asylum" was not formed under the act to which reference has just been made, and the clause of that act just cited does not affect it.

*Fourth.* The difficult question which this case presents is, who takes the amount of the void bequests in the fifth or residuary clause of the will? Does it go to the next of kin or to the two — Adaline Belknap and the Albany Orphan Asylum — authorized to take?

The clause reads: "All the rest, residue and remainder of my estate is to be divided equally between my cousin Miss Adaline C. Belknap, the Albany Guardian Society and Home of the Friendless, the Albany Orphan Asylum and the House of Shelter in Albany."

The intention of the testator is manifest. The residue of his property was to be "divided equally" between four persons, and that is equivalent to an express declaration that each should have one-quarter. The devise to two being adjudged void, if these devises go to the other two, each would get one-half of the residuary instead of one-quarter, which would be contrary to the will (*Bagnell* agt. *Day*, 1 *Peere Williams R.*, 700; *Floyd* agt. *Barker*, 1 *Paige*, 480; *Beekman* agt. *Bonsor*, 23 *N. Y.*, 298, *see page* 312; *Betts* agt. *Betts*, 4 *Abb. N. C.*, 317, *see pages* 420, 421, 422, 423, 424).

The case of *Chamberlain* agt. *Chamberlain* (43 *N. Y.*, 424, *see note at bottom of page* 447) would seem to conflict with

this view. This is explained, however, in *Betts* agt. *Betts* (*above cited, see pages* 423, 424), and to that explanation reference is made.

That part of the residuary estate which would have gone to the two institutions, " The Albany Guardian Society and Home of the Friendless " and " The House of Shelter in Albany," had the devises been held valid, must be treated as property undisposed of by the will and must go to the next of kin.

Findings and a decision in conformity with these views will be prepared by the plaintiff's attorney.