(43 Misc. Rep. 541.)

THOMAS et al. v. THOMAS et al.

(Supreme Court, Special Term, New York County. May, 1904.)

1. WILLS—CONSTRUCTION.

Testator, after creating in his residuary estate a trust to raise and pay the widow a certain income for life in lieu of dower, and to raise a certain income for his son H. for life (accompanied in the latter case by a statement that no further provision was made for the son because he was incapable of managing his own affairs), directed the trustees to divide

"all the rest, residue, and remainder of my estate" into two equal parts and hold them for the benefit of another son and testator's daughter *Held*, that the words "all the rest, residue, and remainder of my estate' were intended to cover the remainder of the property held in trust for the annuity of the widow; that the remainder would, upon the widow's death pass to the trustees for the other purposes of the will; and that testator did not intend to die intestate as to any portion of his estate.

Action by Ann Augusta Thomas and others, as executors of and trustees under the will of Samuel Thomas, deceased, against Ann Augusta Thomas and others for the construction of the will.

Peckham, Miller & King, for plaintiffs.

Nicoll, Anable & Lindsay, for defendants.

GREENBAUM, J. Samuel Thomas died January 11, 1903. He left a widow, Ann Augusta Thomas, and three children, Edward R.. Eleanor T., and Harold E., his only heirs and next of kin. After making a specific bequest of household effects and other personal property to his wife, the testator, by his last will and testament, gives and devises "all the rest and residue of my property and estate, real and personal, of every nature and kind whatsoever and wheresoever situate" to executors and trustees named in said will, to have and to hold the same upon certain trusts, of which, for the purposes of this discussion, it is only necessary to refer to the following, contained in the third paragraph, subdivisions 1, 2, and 3:

"(1) In trust to set apart, invest and reinvest so much of the said rest, residue and remainder of my estate as shall be sufficient in their judgment to produce and yield each year a net income, free from any tax of One hundred thousand (100,000) Dollars and to collect and get in such income and pay over the same in quarter-yearly installments to my said wife as long as she shall live for her own use absolutely but with the understanding and upon the condition that my said wife accept this provision in lieu and in full satisfaction of her dower and right of dower in my estate.

"(2) And upon the further trust to set apart, invest and reinvest One hundred thousand (100,000) Dollars and to collect the income thereof to pay over the same in quarter-yearly installments to my son Harold Edgell Thomas for his maintenance and support as long as he shall live; and in case my said son Harold be incompetent, in the judgment of my said executors and trustees, to receive and disburse such income himself, then I direct that such income be paid over in quarter-yearly installments to whomever may have been legally appointed to represent him or his estate, or in case there have been no such appointment, that such income be disbursed by my said executors and trustees for the support and benefit of my said son Harold as in their judgment may seem best.

"I make no further provision for my son Harold because his condition mentally and physically is such that he is incapable of managing his own affairs or any business; and because I know that should it happen that the income of the above provided One hundred thousand dollars prove insufficient for all that may be required for the comfort and support of my said son, whatever may be needed for such purpose will be cheerfully supplied by my wife and other children as in their judgment may seem best.

"(3) And upon the further trust to divide all the rest, residue and remainder of my estate into two equal parts and to set apart, hold, invest and re-invest such two equal parts of the residue of my estate as follows: One for my son Edward R. Thomas and the other for my daughter Eleanor Nancy Thomas, as hereinafter provided, that is to say."

The concrete question submitted to the court is whether the property set apart by the trustees to produce the annuity of $100,000 for the

widow during her lifetime is to be treated, upon her death, as though the testator died intestate in respect thereof, or as vested in the trustees for the other purposes declared in the will. Defendant Harold E. Thomas contends that subdivision 3 (paragraph third) of the will above quoted specifically disposes of the residue remaining after the creation of the two separate trust funds for the widow and himself, and that there was no disposition of the principal set aside for the widow's annuity. The executors and trustees, as well as the other defendants, contend, per contra, that "the rest, residue, and remainder" of the estate mentioned in said subdivision 3, comprehends the estate in remainder, consequent upon the widow's death, in the property set apart to produce her annuity. The contention of Harold's counsel is that this case falls within the exception to the general rule that the otherwise undisposed-of portions of the estate fall into the residue, namely, that the rule is not applicable to a case of "a residue of a residue."

An examination of the cases cited in support of the contention discloses no case where the question was whether an undisposed-of remainder apparently undisposed of in a part of a residue passed under a disposition of the balance of the residue. In each of them a division of the entire residue into definite parts had been made by the testator, who undertook to dispose of the fee of each part absolutely. In each case the disposition of the fee of that one part failed for some reason or other, and it was held that the devisees or legatees of the remaining parts were not entitled to have their devises or legacies augmented by the lapsed or void devise or legacy, because of the clear intention of the testator. Such are Skrymsher v. Northcote, 1 Swanst. 570, Beekman v. Bonsor, 23 N. Y. 298, 80 Am. Dec. 269, and Floyd v. Barker, 1 Paige, 480. The case of Kerr v. Dougherty, 79 N. Y. 327, with its vigorous dissenting opinion, has been frequently distinguished, and recently so in Trunkey v. Van Sant, 176 N. Y. 535, 68 N. E. 946. It is reconcilable with the authorities cited, because the will in that case was construed to have expressly limited the residue to that portion of the estate remaining after the attempted disposition of the specific legacies.

We are thus confronted with the question that usually arises in the interpretation of wills, what was the intention of the testator, and can that intention be sufficiently declared from the language of the will? The intention of the testator to exclude his son Harold E. from any participation in the estate beyond the income for life derived from the investment of $100,000 is undoubted. In construing the will the test must necessarily be, has the testator effectuated his obvious intent in language fairly expressive thereof? Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933. It may be conceded that, if he has failed in this regard, his apparent intent will not avail. Reading the will in its entirety, and in connection with the clearly expressed intention of limiting Harold to the provisions made for him in the will, there seems to be no doubt that the words "rest, residue and remainder of my estate" in subdivision 3 (paragraph third) were intended to embrace the estate in remainder in the property held in trust for the widow's annuity. It would be idle to multiply the citation of authorities in support of the proposition that "it is an established rule in the construction of wills

that, unless a plain intention to the contrary appears, a general residuary clause operates upon and carries to the residuary devisee all 'reversionary interests, * * * whether the reversion was created by the devise in his will of a less interest than a fee or arises from a contingent limitation of the fee which may be defeated by the nonhappening of the event upon which the fee is limited." Floyd v. Carow, 88 N. Y. 560; Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133. "Unless a residuary bequest is circumscribed by clear expressions, and the title of a residuary legatee is narrowed by words of unmistakable import, it will be construed to perform the office that it was intended for, viz., the disposition of all the testator's estate which remains after effectuating the previous provisions in the will, or which may be added to by lapses, invalid dispositions, or other accident. The rule of construction requires of the court, in dealing with the language of a residuary gift which is ambiguous, that it should lean in favor of a broad, rather than of a restricted, construction; for thereby intestacy is prevented, which it is reasonable to suppose testators do not contemplate." Matter of Miner, 146 N. Y. 121, 40 N. E. 788. I can find nothing but a forced and strained reading of the will as a justification for holding that the testator intended to die intestate as to any portion of his estate, and I accordingly find that the estate in remainder in the property in which the widow has a beneficial life estate must be disposed of as a part "of the rest, residue, and remainder of the estate" under subdivision 3 of paragraph third.

Judgment accordingly.