# Hooks *v.* Brown *et al.*

*Bill in Equity to subject Equitable Separate Estate of Married Woman.*

1. *Equitable separate estate; what necessary to create.*—In order to create an equitable separate estate in a married woman, though no particular form of words is necessary, it must appear from the instrument and all the circumstances disclosed in it, that there is a clear and plain intention that the marital rights of the husband shall not attach, and that the wife should hold and enjoy free and independent of them.

2. *Separate estates of married women; statutes concerning, to what relate.*—The statutes concerning the separate estates of married women do not refer to or affect separate estates created by contract, gift, or conveyance for their use, and operate only in estates made separate by operation of law, not limited·expressly to the separate use of the wife.

3. *Equitable separate estate; what devise creates.*—A devise to the wife for life, with remainder on her death to her children born of her marriage with her then husband, and which vests the legal title in the husband as trustee, declaring that the property devised shall not be subject to his debts, directing him to appropriate the rents, profits, and interests, *for the use and benefit of his wife and children,* and clothing him with power to sell and convey the lands, whenever he may think it to the advantage and best interest of his wife and children, and to reinvest the proceeds, creates in the wife an equitable separate estate.

4. *Same; power of married woman to bind.*—Unless specially restrained by the instrument creating it, a *feme covert* may bind her equitable separate estate by any contract, to the same extent as if she were a *feme sole,* and a court of equity will subject the property to the satisfaction of any lawful contract she may make.

APPEAL from Sumter Chancery Court.
Heard before Hon. A. W. DILLARD.
VOL. LXII.

This was a bill filed by the appellees, S. and A. Brown, against the appellant, Margaret A. Hooks, and seeks to subject her interest in certain lands, to the payment of a joint note made by her and her husband, who had since died insolvent. She derived her interest in the land from the will of her mother-in-law, the clause of which relating to said lands is as follows: "I give and bequeath to my daughter-in-law Margaret A. Hooks, wife of my son David W. Hooks, all of my landed estate during her life, and after her death to all of her children begotten by said David W. Hooks equally. I wish further, that my son David W. Hooks to exercise entire control over said land and premises all the time; it is not, however, to be subject to his debts, but the rents and profits, and interest arising therefrom to be applied to the use and benefit of his wife and children."

"It is my further will and desire that my son David W. Hooks be vested with full powers of a trustee of his wife and children in the management of the landed estate, that I have heretofore given his wife Margaret A. Hooks and their children for their use and benefit, and it is my desire that he shall have full power, and I do hereby empower him to sell and dispose of said land, whenever he may think it to the advantage and best interest of his said wife and children to do so, and invest the monies arising therefrom in other lands for all the purposes of the first; and I wish it so understood that in the land, negroes, and other property, I have or herein give to my daughter-in-law Margaret A. Hooks and children, that my son David W. Hooks have full power to manage and control, and possess the same without restraint, but nothing thereof is to be chargeable with any of his debts."

The bill was demurred to on the grounds: 1. Because the bill showed that the defendant was a married woman at the time the said note was executed. 2. Because the bill fails to aver that the estate sought to be subjected, was created by deed or other instrument which excluded the marital rights of her husband. 3. Because the bill fails to show that the estate which it seeks to subject, was such an estate as the defendant, while a married woman, could charge by her contracts. 4. Because the will under which the defendant derived her interest in the lands created in her a statutory, and not an equitable estate. This demurrer was overruled, and from the decree thereon this appeal is prosecuted.

SNEDECOR & COCKRELL, for appellant.

J. COBBS, contra.

BRICKELL, C. J.—The common law favored the marital rights of the husband, and though courts of equity recognized and enforced trusts for the separate use of the wife, to the creation of such trusts, it was essential there should have been a clear, unequivocal intent to include the rights of the husband, and to vest in the wife the separate use and enjoyment. No particular form of words was necessary, but from the language of the instrument, and all the circumstances disclosed in it, a plain intention that the marital rights of the husband should not attach, and that the wife should hold and enjoy free and independent of them, created the trust. All courts agreed upon this general principle, though as is to be expected, there is much conflict of decision in its application to the varying language employed by donors, in the instruments by which property is conveyed. The mere intervention of a trustee clothed with the legal title, the equitable title declared to be in the wife, but not limited to her separate use, did not prevent the marital rights of the husband from attaching to the interest of the wife, and of consequence did not create a trust for her separate use.—2 Brick. Dig. 82, § 170. Whether the trust was created, depended upon a careful consideration of the language, and of the whole scheme and purposes of the instrument.

The statutes creating the separate estates of married women have no reference to, and do not affect equitable separate estates, or trusts created by contract, gift, or conveyance for their use. These statutes operate only on " estates made separate by operation of law, not limited expressly to the separate use of the wife."—*Short v. Battle*, 52 Ala. 456.

The devise and bequest to Margaret A. Hooks, is for her life, with remainder on her death to her children born of her marriage with David W. Hooks. The legal title is vested in the husband as trustee, and the rents, profits, and interest he is directed *to appropriate for the use and benefit of his wife and children.* As trustee, he is clothed with full power to *manage, possess, and control* the property for the use and benefit of the wife and children, and is empowered " to sell and dispose of said lands, whenever he may think it to the advantage and best interest of his said wife and children to do so, and invest the monies arising therefrom in other lands." It is twice declared that the property given is not to be subject to the debts of the husband. Such a declaration will not of itself, create an equitable separate estate; it does not import an exclusion of the husband's title, but simply one of the incidents of title.—*Bender v. Reynolds,* 12 Ala. 446; *Gillespie v. Burleson,* 28 Ala. 551. But such a declaration, accompanied

by words which manifest an intention to create an equitable separate estate, may serve to explain and give meaning to such words. When taken in connection with all the words of this gift, the intention of the donor to exclude all marital rights of the husband, to confine and limit him to the title of a trustee, charged with specific powers and duties, is clear and unequivocal. The estate of the wife, the use of the property in common with her children, during her life, is therefore an equitable separate estate.

It is the well settled doctrine in this State, that in a court of equity, as to her equitable separate estate, a married woman is to be regarded as a *feme sole*, and may, without the concurrence of her trustee, unless she is specially restrained by the instrument creating the estate, dispose of it in any mode she may select. The specification of a particular mode of disposition, unless other modes are negatived, does not deprive her of the right to dispose of it in any mode, which would be lawful, if she were a *feme sole.*—2 Brick. Dig. 86, § 211.

Affirmed.