# Rogers *v.* Torbert.

*Bill in Equity for Cancellation of Mortgage ; Cross-Bill for Foreclosure.*

1. *Equitable estate of wife; how created.*—The mere interposition of a trustee, in a conveyance for the benefit of a married woman, does not create in her an equitable estate, as distinguished from one that is statutory, unless there are words showing an intention to exclude the marital rights of the husband.

· 2. *Mortgage of wife's statutory estate.*—Under repeated decisions of this court, a mortgage executed by husband and wife, on lands belonging to the wife's statutory estate, as security for the debt of her husband, or a third person, is void.

3. *Parties to bill for foreclosure.*—When a mortgage, and the note secured by it, are delivered up and cancelled, and a new note and mortgage are executed in their stead, but to a different person, the first mortgagee is not a necessary party to a bill to foreclose the second mortgage.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. N. S. GRAHAM.

GEO. D. & GEO. W. HOOPER, for appellant.

ABERCROMBIE & GRAHAM, *contra.*

SOMERVILLE, J.—The bill in this case is filed by the appellant, to set aside and cancel a mortgage executed by her and her husband, A. F. Rogers, on certain lands owned by her, given to secure a promissory note payable to one of the appellees, E. A. Torbert, which had been executed by them jointly, as co-makers with one John C. W. Rogers, for whom they were sureties. The land is claimed by the wife to be her separate statutory estate. The defendant and mortgagee, E. A. Torbert, makes an answer, which is prayed to be taken in the nature of a cross-bill against complainant, and by which he seeks a foreclosure of the mortgage. To this cross-bill the chancellor overruled a demurrer, and this action of the court is assigned as error.

The whole case turns on the character of the wife's estate, —whether it is an *equitable*, or a *statutory* separate estate. The land in controversy was purchased by the husband, at register's sale, made under a decree of the Chancery Court, and was conveyed to A. F. Rogers (the husband) individually, and to him as *trustee* of Martha A. Rogers, the appellant. The interest of the wife, created by this conveyance, is, under the decisions of this court, her separate statutory estate. The mere intervention of a trustee does not create an equitable separate estate, as distinguished from one that is statutory, unless there are words showing an intention to exclude the marital rights of the husband.—*Hooks v. Brown,* 62 Ala. 258; 2 Brick. Dig. 82, § 169. Such being the case, as repeatedly decided, she had no power to mortgage it for the purposes mentioned in the bill.—*Thames & Co. v. Rembert's Adm'r,* 63 Ala. 561.

James M. Torbert was not a necessary party defendant to the cross-bill. The mortgage originally held by him on the land in question, and the note secured by it, are shown to have been cancelled, the note and mortgage held by E. A. Torbert, one of the appellees, having been substituted for them. This left the former mortgagee no interest in the subject-matter of the cross-bill.—*Merritt v. Phenix,* 48 Ala. 87.

The demurrer to the cross-bill should have been sustained; and the decree of the chancellor is reversed, and the cause remanded.