# Shakespeare *v.* Alba.

*Bill in Equity for Specific Performance of Agreement for Lease.*

1. *Statute of frauds ; agreement for lease ; part performance.*—A verbal agreement to make a lease for the term of five years is within the statute of frauds (Code, § 2121, subd. 5) ; but, if possession is delivered under the contract, and installments of rent are paid and accepted, the case is, by the express words of the statute, taken out of its influence and operation.

2. *Waiver of statute, as defense to bill for specific performance.*—The statute of frauds, as a defense to a bill for the specific performance of a contract, is waived, unless specially pleaded ; and the contract being admitted, or satisfactorily proved, it will be enforced, although it may be obnoxious to the statute.

3. *When assignee of lessor can not plead statute.*—When the lessor waives the benefit of the statute of frauds as a defense, by failing to plead it, a purchaser of the estate subject to the lease, becoming assignee of the uncollected rents, can not set up the statute in defense of a bill for specific performance of the agreement.

4. *Agreement not to be performed within one year.*—An agreement

| | |
|---|---|
| 76 | 351 |
| 93 | 124 |
| 76 | 351 |
| 96 | 529 |
| 76 | 351 |
| 99 | 45 |
| 76 | 351 |
| 101 | 256 |
| 102 | 345 |
| 76 | 351 |
| 104 | 137 |
| 105 | 632 |
| 76 | 351 |
| 107 | 569 |
| 108 | 255 |

[Shakespeare v. Alba.]

which is capable of performance within one year is not "an agreement which, by its terms, is not to be performed within one year from the making thereof" (Code, § 2121, subd. 1); and an agreement to make a lease for five years, or for any term of years, is not within this clause of the statute.

5. *Parties to bill; assignor and assignee.*—When the lessee has assigned unconditionally his interest in the lease, he would still be a proper party to a bill filed by his assignee to compel a specific execution of the agreement to make a lease; but, the validity of the assignment not being assailed, and the lessor not alleging the insolvency of the assignee, nor otherwise showing the necessity of bringing in the lessee as a party, he is not a necessary party.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 2d November, 1883, by Peter F. Alba, in the name of himself and one Carmelick (whose name was afterwards struck out by amendment), against J. A. Shakespeare, J. M. Lewis, John T. Hardie, and the Elyton Land Company, a private corporation; and sought to enforce the specific execution, by said corporation, of an agreement to lease certain real estate in Birmingham, for the term of five years, to one W. F. Orr. The lease, according to the original agreement, as averred in the bill, was to commence on the 14th December, 1881, and continue for the term of five years, at an annual rent of $200, payable monthly; but, by a new agreement, made in March, 1882, another lot was included, at an additional rent of $50, payable monthly as the first; and the lessee was to have the privilege of erecting buildings and other improvements, and of removing them. The bill alleged, also, that said Orr was placed in possession of the premises under this contract, paid the monthly rent as stipulated, and erected a brick stable and other improvements, at a cost of over $2,000, and continued in possession until some time in July, 1882, when he sold and conveyed his interest in the lease and the premises to Mrs. Sallie E. Stokes, and placed her in possession; that Mrs. Stokes continued in possession, paying the monthly rent as stipulated, until the 27th September, 1883, when she sold and conveyed to the complainant, and placed him in possession of the premises; that on the 29th September, 1883, complainant made a tender to the agent of said corporation of the amount then due for rent, which offer and tender was refused by said agent, because the corporation had sold the property to said Shakespeare, Lewis and Hardie; that said purchasers "bought said property with full notice and knowledge of said agreement of lease," but repudiate it, and have made a written demand of possession, and threaten to bring suit.

An answer to the bill was filed by the Elyton Land Company, in which the making of the alleged agreement, the delivery of

possession under it, and the payment of the rent were admitted; and the answer then added: "But this respondent avers, in addition, that said agreement of lease was not in writing, and no memorandum thereof was reduced to writing, except the memorandum of the president, entered in pencil on the books of the company about the time, a copy of which is hereto attached as a part of this answer. Moreover, the sale by this respondent, of the real estate named in the bill, to said Shakespeare, Hardie and Lewis, was made subject to the lease agreement with Orr, and to the carrying out by them of the terms and conditions of the Orr lease, at the same time investing them with a right to have and collect the rents under said lease, accrued and thereafter accruing. Respondent has received from said Shakespeare and others, said purchasers, the whole of the purchase-money for said real estate, and is ready to make conveyance to them, subject to their carrying out said Orr contract of lease as fully as respondent was thereby bound to do. As this respondent does not know the truth of the other statements contained in said bill, the same are required to be proved."

A joint and several answer to the bill was also filed by the other defendants, in which they denied the making of the alleged agreement, denied all knowledge or notice of it on their part, and insisted that, if made, it was void under the statute of frauds; and they incorporated in their answer a demurrer to the bill, specifically assigning eighteen causes or grounds of demurrer. The principal causes of demurrer so assigned were: 1st, want of equity; 2d, the statute of frauds; 3d, the failure to make Orr a party to the bill. The bill was afterwards amended, by consent, by adding averments the same in substance as the allegations contained in the answer of the Elyton Land Company, as above copied.

The cause being submitted for decree on the demurrer, the chancellor overruled it on all the grounds specially assigned; and his decree, from which this appeal was taken, is now assigned as error.

SMITH & BRADFORD, for appellants.—Originally, terms for years were created without writing.—Browne on Stat. Frauds, §§ 6, 7. If this contract is not within the statute of frauds, then the verbal agreement is as valid and effectual as if reduced to writing, and there is no necessity for a specific performance.—*Fitzpatrick v. Featherstone*, 3 Ala. 40. But leases are within the statute, and are void unless reduced to writing, when they are not to be performed within one year.—*Crommelin v. Theiss*, 31 Ala. 412; *Treadway v. Smith*, 56 Ala. 345; *Derrick v. Brown*, 66 Ala. 166; *Nelson v. Webb*, 54 Ala. 436;

23

[Shakespeare v. Alba.]

*Heflin v. Milton*, 69 Ala. 356. If an agreement is within the statute, no part performance can justify a court of equity in decreeing its specific execution.—*Heflin v. Milton*, 69 Ala. 356; *Flinn v. Barber*, 64 Ala. 199. A lessee remains liable on his express agreement to pay rent, notwithstanding he may have assigned his lease, with the assent of the lessor, and the latter has accepted rent from the assignee.—*Lodge v. White*, 30 Ohio, 569; 27 Amer. Rep. 492; 2 Platt on Leases, 355; Washb. Real Property, 493, 4th ed. To grant the relief prayed in this case, would be to substitute one debtor for another, which a court of equity has no power to compel a party to accept.—1 Platt on Leases, 629; Parsons Contr. 577, note *a*.

E. L. CLARKSON, and HEWITT & WALKER, *contra*, cited *Eaton v. Whitaker*, 18 Conn. 222, or 44 Amer. Dec. 586; 2 Story's Equity, §§ 759, 761, 763, 771; Taylor's Land. & Tenant, §§ 32, 49; *Brewer v. Brewer & Logan*, 19 Ala. 481; *Morgan v. Morgan*, 3 Stew. 383; *Hays v. Hall*, 4 Porter, 374; *Barrell v. Hanrick*, 42 Ala. 60; *McMorris v. Crawford*, 15 Ala. 271; *Seaman v. Ascherman*, 51 Wisc. 678, or 37 Amer. Rep. 849; 4 Kent's Com. 451; Add. Contr. § 497; Adams' Equity, § 86, note 1; *Brock v. Cook*, 3 Porter, 464; 47 Cal. 138; 9 Texas, 385; 19 N. J. Eq. 102; 14 Geo. 683; 21 Ark. 110; 1 Pars. Sel. Cases, 422.

SOMERVILLE, J.—The bill is one filed for the specific enforcement of a verbal contract to make a lease for a term of five years. It is brought by the complainant, Alba, as assignee of the leasehold estate, against the Elyton Land Company and the other appellants, who claim by privity of estate from this corporate company.

It is insisted that the agreement of the Elyton Land Company to lease the land in controversy to Orr, the assignor of complainant, was void, because repugnant to the Statute of Frauds, which annuls all verbal agreements for the sale of lands, or any interest therein, "except leases for a term not longer than one year, unless the purchase-money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."—Code 1876, § 2121, sub-div. 5. It requires no argument to support the self-evident proposition, that a lease of land for a term of years is a sale of an interest in land, within the meaning of this statute. This appears, not only from the very nature of such a lease, which is in effect a conveyance or grant of the possession and use of the leased premises for a fixed period, thereby vesting a title and estate in the lessee, but is clearly manifest from the very words of

[Shakespeare v. Alba.]

the statute, by which leases of a certain class are expressly excepted from the operation of its provisions.— *Warren v. Wagner*, 75 Ala. 188 ; Code, § 2121, sub-div. 5.

Under the fifth sub-division of the present Statute of Frauds, verbal contracts for the lease or sale of lands are withdrawn completely from its influence, in all cases where the purchase-money, or a portion thereof is paid, and the purchaser is put into possession of the land. When these two facts concur, the requirements of the statute are satisfied, and there is such a part performance of the contract as to render it valid and capable of enforcement by specific performance in a court of equity.—*Heflin v. Milton*, 69 Ala. 354.

In this case, the lessor is the seller, and the lessee the purchaser, within the contemplation of the statute. The facts show that the lessee was placed in possession of the premises under the lease, and paid many of the monthly installments of rent, which was nothing more nor less than the purchase-money for his five-year leasehold estate, which had been agreed to be granted him. The case is one which is obviously rescued from the influence of the Statute of Frauds by these attendant facts.

There is another view of the case, equally persuasive of the correctness of the foregoing conclusion. The agreement in question does not offend the Statute of Frauds for yet another reason. The benefit of this statute is not available, without its being specially pleaded ; and if waived, and the contract is admitted, or satisfactorily proved, it will be enforced. Our more recent rulings hold that such agreements, therefore, are not strictly *void*, but *voidable* merely.—*Cooper v. Hornsby*, 71 Ala. 62 ; *Comer v. Sheehan*, 74 Ala. 452. If the defense of the statute is not insisted on, either by demurrer or answer, it must be considered as waived, upon the familiar maxim, *Quidlibet renunciare potest juri pro se introducto.*—Broom's Maxims, 546. "A man may, on principle," it has been said, "as well renounce the benefit of the Statute of Frauds as a defense, as the statute of limitations, or a discharge in bankruptcy."—Willard's Eq. Jur. 283. And such is the theory of our law, and the practice under our decisions.—*Baily v. Irwin*, 72 Ala. 505 ; *Patterson v. Ware*, 10 Ala. 444.

The record shows that the original lessor, the Elyton Land Company, have failed to set up the defense of the statute, intentionally refusing, it seems, to do so. This defense is, therefore, waived so far as they are concerned. Their vendees, Shakespeare, Lewis, and Hardie, are equally precluded from making this defense, but for a different reason. They were not purchasers of the leasehold estate, but only of the reversion. They bought the land in controversy *subject to the lease*, becoming assignees of the uncollected rent. The lease in

question was, therefore, excepted out of the operation of the conveyance made to them by the lessors, who were the owners of the reversion only, at least so long as they declined to repudiate their verbal sale, either by pleading the Statute of Frauds, or by making sale to these vendees of the term for years by conveying to them the entire fee-simple in the land which is the subject of controversy.—*Heflin v. Bingham*, 56 Ala. 566.

If there was any thing in the suggestion, that the agreement sought to be enforced is repugnant to the first clause of the Statute of Frauds, as an "agreement which, by its terms, is not to be performed within one year from the making thereof" (Code, § 2121, sub-div. 1), this defense is unavailable for the reasons above specified. But the suggestion is not, in our opinion, supported by the facts of the case. This clause of the statute, as is well settled, applies only to such agreements as do not admit of performance according to their language and intention, within one year from the time they are made. It has no reference to such as may be construed to be capable of performance within that time, according to the intention of the contracting parties.—Browne on Stat. Frauds, § 273 ; *Heflin v. Milton, supra.* The agreement sought to be specifically performed is the execution of a lease for a term of five years. The duration of the lease, whether for one or for twenty years, does not touch the question as to the time within which it was to be executed. When the lease is made in writing, and properly signed, in accordance with the provisions of the statute governing the conveyance of real estate, this would, when followed by a delivery of the instrument, be a full and complete execution of the lessor's agreement, whatever might be the mere number of years the leasehold estate is to endure. If an agreement to sell and convey the entire fee-simple in perpetuity would be rescued from the Statute of Frauds, because of the purchaser's going into possession of the premises and paying a part of the purchase-money, for exactly the same reason any less estate would be, whatever its nature, duration, or character, and for the plain reason that the greater always includes the less.—*Eaton v. Whitaker*, 44 Amer. Dec. 586, 590.

The assignors of the lease may have been proper parties to the present suit, but they were not, in our opinion, necessary parties. The assignment of the lease was absolute and unconditional, leaving no interest in the assignors ; and the validity of the assignment is not assailed or denied. Where this is the case, and the original lessor makes no objection, in his answer or other pleadings, to the solvency of the assignee, and does not specially ask, at the hands of the court, the personal liability of the assignor for the covenants imposed by the lease, there can be no objection taken to the complainant's failure to make

[Central Railroad & Banking Company v. Lampley.]

such assignor a party to his bill for specific performance.—Waterman on Spec. Perf. § 68, *note* 4; Story's Eq. Pl. § 153; Pomeroy on Cont. § 487; 1 Platt on Leases, p. 629 ; *Rogers v. Torbet*, 66 Ala. 547 ; *Wilkerson v. May*, 69 Ala. 33.

The decree of the chancellor is affirmed.