### WARNER v. TEXAS & P. RY. CO.

#### (Circuit Court of Appeals, Fifth Circuit.    March 13, 1893.)

#### No. 96.

1. STATUTE OF FRAUDS — VERBAL AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.

Under the Texas statute of frauds, (Rev. St. art. 2464,) a verbal agreement which, by a fair and reasonable interpretation, and in view of all the circumstances existing at the time, does not admit of performance, according to its language and intention, within a year from the time of its making, is void.

2. SAME.

A verbal agreement, whereby a railroad company undertakes to lay a switch for the use of a sawmill owner, and to maintain the same as long

as he should need it, is within the statute when it appears that it was expected and understood between the parties that he would need it for many years.

**3. SAME—PART PERFORMANCE.**

Part performance of a verbal contract within the statute of frauds will not take the case out of the statute in an action at law, but is only ground for relief in equity.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action by Charles Warner against the Texas & Pacific Railway Company to recover damages for breach of contract. The court directed a verdict for defendant, and entered judgment thereon. Plaintiff brings error. A motion to dismiss the writ of error was heretofore denied. 54 Fed. Rep. 920. Judgment affirmed.

H. Chilton, for plaintiff in error.

Wm. Wirt Howe and T. J. Freeman, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The plaintiff in error brought this suit against the defendant in error, alleging in his petition that in 1874 he made a contract with the Texas & Pacific Railway Company to the effect that, in consideration of his agreement to grade the ground and furnish the ties for a switch on said company's railroad at a point known as "Warner's Switch," it would furnish the iron, and complete and maintain such switch at that point for his benefit for shipping purposes as long as he needed it; that the switch was constructed in accordance with the contract, and maintained until the 19th day of May, 1887, when, on that day, it was wrongfully, and over the protest of the plaintiff, taken up and destroyed by certain persons, who were then operating the defendant's railway as receivers thereof by appointment of the United States circuit court in and for the eastern district of Louisiana; that the defendant has ever since neglected and refused to reconstruct and maintain the switch as it contracted and agreed to do; that by reason of the removal of the switch and defendant's refusal to maintain the same the plaintiff has been greatly damaged by the consequent depreciation of his property. The property was specifically described, and consisted of timber lands, timber privileges, sawmills, storehouses, etc., all of which, as alleged, had been acquired, at the time of the removal of the switch, for the purpose of carrying on the business of sawing lumber for market, and which was rendered much less valuable for the want of facilities for transporting his products and supplies.

This suit is for damages for the breach of the defendant's agreement. On the trial below, when the evidence as to the terms of the contract between the parties had been concluded, and on that issue alone, the court held that the contract was not a valid and binding one upon defendant, and instructed the jury to return a verdict for the defendant. To this action of the court the plaintiff in error excepted. The record in this case presents but a sin-

gle question for our decision, and that is, "Was the contract between Warner and the railroad company void under the statute of frauds?" Warner agreed to furnish the ties and grade the ground for the switch. This he did within one year. The railroad company agreed to maintain the switch for Warner's benefit, "as long as he needed it." This agreement it has broken. It was a verbal agreement, and upon it this action is founded. If this agreement was "not to be performed within the space of one year from the making thereof," the action cannot be maintained. The agreement is, in its terms as to duration, indefinite and uncertain; but if it is apparent that it was the intention of the parties that it was not to be performed within the space of one year from the time it was made, it would be void under the statute of the state of Texas known as the statute of frauds. Rev. St. art. 2464. That statute means to include any agreement which by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance, according to its language and intention, within a year from the time of its making. Browne, St. Frauds, §§ 273, 283; Heflin v. Milton, 69 Ala. 356; McPherson v. Cox, 96 U. S. 416; Packet Co. v. Sickles, 5 Wall. 580.

The language used was, to maintain the switch "as long as he (Warner) needed it." What is a fair and reasonable interpretation of this language, in view of all the circumstances? What was the intention and understanding of the parties? To ascertain that we must look at all the circumstances and surroundings that led to the making of the contract. What were they? We find Warner breaking up and abandoning his milling business in other states, and concentrating his business in the state of Texas; after selecting the point at which he desired to locate, he purchased large tracts of timber land for the purpose of carrying on and maintaining his business in Texas; that the point of location was what was afterwards known as "Warner's Switch;" that at the time the agreement was made the representative of the railroad company who was acting for the company in the matter made various inquiries as to the amount of timber accessible to the proposed location, and as to Warner's experience in conducting mills; Warner stating that there was enough timber in sight to run a sawmill for 10 years, and that by moving back some 3 miles from the railroad there would be enough to run a mill for 20 years; and he says that he calculated to stay there as long as he lived. These facts and circumstances, connected with the making of the contract, clearly show that the intention of the parties at the time was that the switch was to be maintained permanently. They at least show that it was in the contemplation of the parties, and was their understanding, that Warner would need the switch for a much longer period than one year from the time the agreement to maintain it was made, and the proof is that it was in fact maintained for about 13 years. We think it appears affirmatively that the agreement was not to be performed within the space of one year, and that it was void. In a suit for breach of covenants in a void contract there

can be no recovery. Crommelin v. Thiess, 31 Ala. 412; Shakespeare v. Alba, 76 Ala. 356.

But the plaintiff in error contends that the performance by him within one year of his part of the agreement took the contract out of the statute of frauds. The answer to this contention is that part performance of a verbal contract within the statute of frauds has no effect at law to take the case out of its provisions, but is only a ground for equitable relief, and cannot be urged as a defense in a suit at law. Browne, St. Frauds, § 451; 2 Story, Eq. Jur. §§ 759, 1522, note 3; Railroad Co. v. McAlpine, 129 U. S. 305, 9 Sup. Ct. Rep. 286. We perceive no error in the ruling of the court below, and the judgment must be affirmed.