VENABLE v. THOMPSON.

1. A written instrument may be contradicted by the party making it, when offered in evidence in a suit, to which a stranger to the instrument is a party.

Error to the Circuit Court of Lawrence.

DETINUE by Elbert H. Thompson, against Molly Venable, for a female slave named Lucinda.

Upon the trial, the plaintiff introduced testimony, tending to establish, that in the year 1833, the defendant claimed to have a life estate in the slave Lucinda and others, as her separate estate, or held by her husband in right of his wife, the remainder being in one Littleberry H. Jones, and also offered in evidence a bill of sale, for the slave sued for, from Larkin Venable, her husband, to said Jones. He also offered to prove by one Thomas A. Strain, that the consideration of the bill of sale, was the release by Jones to Venable, and to the defendant, of his estate in remainder, to the other slaves, and also to prove acts and declarations of the defendant, both before and after the date of the bill of sale, to prove her assent to the contract, which was objected to by the defendant, but permitted to go to the jury.

The plaintiff then read to the jury, a bill of sale dated 19th November, 1833, for the slave Lucinda, from the witness Strain to him, for the consideration of $400, which contained a warranty of title, and having released him from all claim or liability, offered to prove by him, that when he sold and delivered the slave Lucinda to the plaintiff, and received the purchase money, he acted as the agent of Jones, and only intended to bind Jones, and so informed the plaintiff, and that it was accepted as such by him; to which the defendant excepted. These matters are now assigned for error.

W. Cooper, for the plaintiff in error.

L. P. Walker, contra.

ORMOND, J.—It does not appear from the bill of exceptions, what was the consideration, if any, expressed in the bill of sale from Venable to Jones, and we cannot say whether the court erred or not, in the proof admitted. That such proof is admissible in many cases, see Graham v. Lockhart, 8 Ala. 24.

The objection to the testimony of the witness, Strain, is, that it contradicted the bill of sale made by him to the plaintiff, by which he assumed to sell the slave as his own, and not as the agent of Jones. There can be no doubt, that in an action by the plaintiff against Strain, upon this warranty, he would not be permitted to show that he did not intend to bind himself, but was acting as the agent of another person. But this rule is confined in its operation, to the parties to the written instrument ; where it comes in question collaterally, in a suit in which a third person, a stranger to the writing, is a party, neither party is estopped from contradicting it, or from proving facts inconsistent with it. The interest of the witness having been released by the plaintiff, he was a competent witness, and any discrepancy between his testimony and his previous written contract in relation to the same matter, would go to his credit.

Nor do we know of any rule of public policy which would exclude it. He is not swearing here to sustain a title emanating from himself, but to prove that he never had or claimed title to the slave.

Let the judgment be affirmed.