66   77
142  180
145  669
66   77
47a 443

66   77
110a 2100

## LOUIS STREHL

*v.*

## HENRIETTA D'EVERS.

1. STATUTE OF FRAUDS—*verbal agreement to lease for three years.* Where the complainant purchased of the defendant a stock of drugs, and, as a part of the same transaction, the defendant verbally agreed to give him a lease of the store room for three years thereafter at a stipulated rent: *Held,* on bill by the complainant for specific performance of the agreement, and in case that relief could not be granted, for compensation and indemnity, that the contract was clearly within the statute of frauds, and therefore no specific performance could be decreed.

2. EVIDENCE—*parol, to vary written contract.* The complainant, on bill for specific performance, alleged that the defendant, on the sale to him of a stock of drugs, as a part of the same transaction, verbally agreed to lease him the building where they were kept, for three years, and that she did execute and deliver to him a lease for the premises for one year, which he accepted with full knowledge of the facts, supposing defendant would perform the parol agreement. The defendant denied any agreement to lease longer than one year: *Held,* that the previous negotiations were merged into the written agreement, and that the complainant, having accepted a lease for one year only, was estopped to allege that the contract was different in its essential terms from that expressed in the written lease.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

---

Mr. Charles C. Bonney, for the appellant.

Per Curiam: The object of this bill was to compel a specific performance of an alleged parol agreement for a lease of certain premises for a period of three years, and in case such relief could not be decreed for want of authority in appellee to make the alleged contract, that appellant should be awarded compensation and indemnity therefor.

The appellant claims that, in May, 1871, he purchased of appellee a stock of drugs and medicines situated in a store building known as No. 50 West Madison street, at a price agreed upon, and at the same time, and as a part of the same transaction, it was agreed the appellant should have a lease of the store-room for a period of three years, for a certain annual rent. It is not claimed the appellee was the owner of the store building. The property had been owned by her husband in his life-time, and having died leaving children who would inherit it, the only interest appellee had was her dower in the property. Upon the completion of the sale of the goods, the lease that was prepared for the store room was found to be for one year, instead of three years, as appellant alleges the contract was.

Notwithstanding the lease was for one year, appellant, with a full knowledge of the period it had to run, accepted it and entered into possession, supposing, as he says, the appellee would perform her parol agreement. The lease was in the usual form, and provided, in case the tenant failed to deliver possession at the end of the period designated, the lessor might re-enter and take possession.

It is further claimed, by reason of the disastrous fire of 1871, the rental value of the premises had become greatly enhanced over what appellant had agreed to pay.

At the expiration of the period fixed by the lease, the appellant having failed to deliver up the premises, the appellee was about to institute proceedings to recover possession, when this bill was filed to restrain her from interfering with his

possession, and for relief. The appellee filed her answer, in which she specifically denied any agreement to rent the premises for a longer period than one year, as stated in the written lease, and at the same time entered a motion to dissolve the injunction. Upon the hearing of that motion, the court dissolved the injunction, and, the parties having stipulated that the affidavits filed might be considered as depositions, the bill was dismissed as on final hearing.

There is no principle with which we are familiar upon which the bill can be maintained, either as to the relief or indemnity sought. If we give the evidence the most favorable construction for the appellant, and regard the contract as having been made as he alleges, it is clearly within the statute of frauds, and no specific performance can be decreed. There is nothing in the peculiar facts of the case to relieve it from the operation of the statute.

But the actions of the parties repel the idea there was ever a contract for a longer period than one year. The appellant deliberately elected, after he knew the contents of the lease, to accept it, and entered into possession and held under its provisions. He is, therefore, estopped to allege that the contract was different in its essential terms from that expressed in the written instrument. The previous negotiations, whatever they may have been, will be deemed to have been merged in the written agreement. The position now assumed by the appellant is totally inconsistent with what the parties did contemporaneously with the execution of the lease. If there had been an agreement to lease the premises for a greater term of years with the sale of the stock, and as a part of the same transaction, it is hardly probable they would have omitted to state it in their written agreement. But having agreed to and accepted a lease for a shorter period, with a full knowledge of all the facts, it must be taken as conclusive of the terms of the contract. It is not competent to show by parol the duration of the lease was intended to be for a different period.

This view renders it unnecessary to consider the question suggested by counsel, whether the appellee, by a mere parol contract, for any purpose or by any authority vested in her, could encumber her interest or that of the heirs in the premises for a greater period than one year.

The bill was properly dismissed, and the decree is affirmed.

*Decree affirmed.*