## Holland v. Kimbrough et al.

### Trover for Conversion of Mortgaged Property.

*Varying written contract by parol; what evidence without the rule against.* — In trover for conversion of mortgaged property, the defendant may show by parol that prior to the execution of plaintiff's mortgage, the mortgagor, for valuable consideration, had given defendant a right to receive and sell the property, satisfy certain debts, and return the surplus, and that this was made known to plaintiffs by the mortgagor, who refused to execute the mortgage without the defendant's consent, which was given upon mortgagees' consenting to the arrangement.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.
The opinion states the case.

F. M. WOOD, for appellant. — The evidence did not contradict or vary the terms of the mortgage. Its effect was substantially to show notice of a prior lien, and also an estoppel on the part of the plaintiffs.

W. C. OATES, contra. — The effect of the evidence was to incorporate into the mortgage a new stipulation, appellant, although not a party, being privy to it. 22 Ala. 233 ; 21 Ala. 797 ; 40 Ala. 599.

JUDGE, J. — This was an action of trover by the appellees against appellant, to recover damages for the conversion of two bales of cotton. The foundation of the plaintiffs' title was a mortgage executed to them by one Harvey Owens on his crop of cotton to be made in the year 1870. The cotton covered by the mortgage was delivered at the defendant's gin ; the defendant retained the possession of and sold the same, and appropriated the proceeds of the sale to the payment of an alleged balance of account due him by the mortgagor on transactions had between them the year previous. After the plaintiff had closed his evidence, the defendant was introduced as a witness for himself, and testified that an agreement had been entered into between himself and said Owens, the mortgagor, before the execution of the mortgage to the plaintiffs, to the effect that the defendant was to take the possession of and sell the

crop that might be made by said Owens, in the year 1870, and out of the proceeds of the sale pay himself the balance due him on the account against said Owens, contracted the year before; and that plaintiffs had been informed of this agreement, before the execution of Owens' mortgage to them, which Owens refused to execute without defendant's consent.

Defendant's counsel then proposed to prove by the defendant that at the time the mortgage to plaintiffs was executed, and before defendant would consent to its execution, a similar agreement was entered into between the defendant and the plaintiffs, viz.: That defendant "was to take charge of, control, sell, and apply the proceeds of said Owens' crop for the year 1870, first to the payment of said balance due defendant by said Owens, and the rent due defendant, and pay the surplus to the plaintiffs." The court refused to allow this proof to be made, on the ground that it would be introducing parol evidence to vary the legal effect of the mortgage. In thus ruling the court erred.

The well known rule which prohibits the admission of parol or verbal evidence to contradict or vary the terms of that which is written, has no application to the question here presented. That rule, as Mr. Greenleaf in his work on Evidence says, "is directed only against the admission of any other evidence of the *language* employed by the parties in making the contract, than that which is furnished by the writing itself. The writing it is true may be read in the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties; but as they have constituted the writing to be the only outward and visible expression of their meaning, *no other words* are to be added to it, nor substituted in its stead." 1 Gr. Ev. § 277. It may be observed further, that the rule we are considering is applied only in suits *between the parties to the instrument*, and such is not the character of this suit. 1 Gr. Ev. § 279; *Venable* v. *Thompson*, 11 Ala. 147.

The evidence offered by the defendant was not an attempt to vary, by parol evidence, the terms of the mortgage. Before the mortgage was executed, Owens had made an agreement with the defendant, the legal effect of which was to create a lien in defendant's favor on the same crop afterwards mortgaged to the plaintiffs. The defendant's proposition was to prove that the plaintiffs had procured their mortgage with full knowledge of defendant's prior lien, and with a recognition of its prior right to satisfaction.

The agreement between the defendant and Owens amounted to a verbal or equitable mortgage from the latter to the former; and it is well settled in this State that a mortgage of personal property may be created by a parol agreement. *Morris* v.

[Kidd v. Turner.]

*Turney's Adm'r*, 35 Ala. 131; *Donald & Co.* v. *Hewitt*, 33 Ala. 534.

We deem it unnecessary to notice the questions presented by the refusal of the court to give the charges requested by the defendant, as they may not be again presented in the same form. Let the judgment be reversed and the cause remanded.