FRANK PFIFFNER *vs.* STILLWATER & ST. PAUL RAILROAD COMPANY.

February 7, 1877.

**Vendor and Purchaser—Part-performance—Statute of Frauds.**—The making of substantial improvements, pursuant to an oral agreement to convey the real estate improved, by a vendee in possession prior to and at the time of the agreement, is such a part-performance as takes the agreement out of the statute of frauds.

Appeal by defendant from a judgment of the district court for Washington county, where the action was tried before *Crosby*, J., without a jury.

*James Smith, jr.*, and *H. R. Murdock*, for appellant.

*McCluer & Marsh*, for respondent.

GILFILLAN, C. J. Action in trespass for entering upon, taking possession of, and continuing to use for railroad purposes a strip of land belonging to plaintiff. The answer sets up, as a defence and counterclaim, and asks for the specific performance of, an oral agreement by plaintiff to convey the strip in question to defendant.

In 1869 defendant procured the condemnation to its use, in constructing its road, of a strip of plaintiff's land, near to that in question, but afterwards concluded to change its line, and run it over the latter, and thereupon, without the consent of plaintiff, ran its line and constructed its road over the latter strip—the strip in question. After the road was constructed across that strip, except surfacing, the parties made an oral agreement, by which it was agreed that defendant should abandon the line first adopted by it, and for which it had condemned the right of way, and adopt and use, in lieu thereof, the line over the strip in question; should pay as compensation a certain sum, larger than that awarded on the condemnation of the abandoned strip; should, as soon as the frost should be out of the ground the ensuing spring, fence its railroad across the strip in question, and construct for plaintiff a wagon and cattle-pass, with cattle-guards across its road, on said strip, at such place as plaintiff should designate, and that thereupon plaintiff should convey said strip to defendant. Relying upon said agreement, and pursuant to its terms, the defendant, at an expense of $300, constructed the fence, wagon and cattle-passes, and cattle-guards and crossings, at the places designated by plaintiff, and had the same completed by July 28th following the agreement; and it also, at an expense of $500, surfaced its railroad across said land. It afterwards tendered the compensation agreed on, and demanded a conveyance from plaintiff.

As the taking possession by defendant of the strip in

question was before the agreement, and without the consent of plaintiff, such possession was not attributable to the agreement, and, therefore, no part-performance to take the case out of the statute of frauds. But as the court below has found as a fact that, relying upon the agreement, and pursuant to its terms, the defendant made the improvements mentioned, the making of them was directly attributable to the agreement; and if, in any case, the making of improvements by a vendee in such an agreement, whose possession is merely continued, will take the case out of the statute, this case is taken out: and of the proposition that merely making improvements may be a part-performance sufficient for that purpose, we entertain very little doubt.

The most satisfactory justification of the action of courts of equity, in compelling specific performance of agreements within the letter of the statute of frauds, is that the commission of frauds is thereby prevented. Mr. Justice Story (Eq. Jur. § 761) says: "But a more general ground, and that which ought to be the governing rule in cases of this sort, is that nothing is to be considered as a part-performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed." And Browne on Frauds, § 448: "The doctrine of equity in such cases is that where an agreement has been so far executed by one party, with the tacit encouragement of the other, and relying upon his fulfilment of it, that, for the latter to repudiate it, and shelter himself under the provisions of the statute, would amount to a fraud upon the former, that fraud will be defeated by compelling him to carry out the agreement."

The most frequent cases in which courts interpose to prevent fraud, by compelling performance, are those where possession has been taken under the agreement, in which, if the agreement is to be disregarded, the party taking possession will be made a trespasser. These cases, however, are not the measure of the rule, but only instances of its

application. Rendering a party liable as a trespasser, by repudiating an oral agreement with him, cannot be a greater fraud than subjecting him, by such repudiation, to the loss of improvements. Browne on Frauds, § 487, says: "The propriety of admitting this expenditure of money in improvements, as a reason for enforcing the contract, is, perhaps, more clear upon the equitable view of preventing fraud, than is that of admitting the taking or delivering of possession."

Story Eq. Jur. § 763, *a*, after considering whether the continuance of a previous possession is to be deemed a part-performance, says: "Where substantial improvements are subsequently made, in faith of the contract, there could be no question it should be regarded as part-performance." See, also, *Wetmore* v. *White*, 2 Caines' Cas. 87 ; *Parkhurst* v. *Van Cortland*, 14 John. 15.

The case made by the defendant entitled it to a conveyance of the strip of land in question, and makes out a defence to the cause of action, certainly so far as covers the damages from the time the oral agreement was made ; and, if that agreement was intended as a satisfaction for the technical cause of action existing at that time—which the making of the agreement suggests, though the fact is not found by the court—to the entire cause of action. To determine if such was the intention of the parties in making the agreement, there will have to be a new trial.

Judgment reversed, and new trial ordered.