# McLure *v.* Tennille.

*Bill in Equity for Specific Performance of Agreement for Exchange of Lands.*

1. *Oral agreement for exchange of lands; delivery of possession as part performance.*—Under an oral agreement for an exchange of lands, if possession is mutually given and taken, the case is taken out of the statute of frauds (Code, § 1732, subd. 5), and either party may compel the execution of a conveyance by the other.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the record does not show, by A. S. Tennille and C. J. Knox, against Mrs. M. A. McLure and J. B. Jones; and sought (1) the foreclosure of two mortgages on a tract of land, executed by said Jones to the complainants, (2) a reformation of one of the mortgages by correcting a mistake in the description of the land, and (3) to compel Mrs. McLure to execute to said Jones a conveyance of the legal title to said tract of land, in pursuance of a parol agreement between them for exchange of lands. Jones filed no answer, nor was a decree *pro confesso* entered against him, but his deposition was taken for the complainants. Mrs. McLure demurred to the bill, for multifariousness, want of equity, and on other grounds; and her demurrer having been overruled, she filed an answer, pleading the statute of frauds, and denying the agreement for an exchange of lands as alleged. An amended bill was filed, alleging that Jones executed to Mrs. McLure, pursuant to the terms of the agreement between them, a conveyance of the tract of land which then belonged to him, and that possession was mutually given and taken of the respective tracts. His conveyance to Mrs. McLure, a copy of which was made an exhibit to the amended bill, was dated October 24th, 1887, and recited as its consideration the present payment of $375. Mrs. McLure, in her answer, denied that this conveyance was executed in pursuance of the oral agreement for an exchange of lands, and said that the consideration was the payment and satisfaction of a debt for money loaned and advances made by her to said Jones; and she alleged that, by

the terms of the verbal agreement, Jones was to pay her $100, estimated difference of value between the two tracts, and that he had never paid nor tendered that sum.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants; and his decree is here assigned as error by Mrs. McLure.

W. L. PARKS, for appellant.

GARDNER & WILEY, contra.

STONE, C. J.—It is very fully shown—in fact, is not controverted—that A. St. Clair Tennille and C. J. Knox have succeeded to all the equitable rights which J. B. Jones could assert against Mrs. M. A. McLure, affecting the hundred acres of land in controversy. This case is thus narrowed to a single inquiry: Have the complainants shown a contract on the part of Mrs. McLure, binding her to convey the lands to Jones, with that measure of precision and proof which the law exacts in such cases?—3 Brick. Dig. 361. The contract which is sought to have specifically performed, is an alleged agreement for exchange of lands. We feel safe in asserting that the bill and amended bill set forth the terms of the contract with sufficient particularity; that the proof offered by complainants tends to prove every substantial averment relied on for relief, and that there is no material variance between their testimony and the averments made.

The defense takes two forms: First, that there was in fact no agreement of exchange made by and with Mrs. McLure, except on condition that Jones should pay $100 difference in the value of the two tracts, and it is neither averred nor proved that the $100 has been paid, nor does the bill tender payment. Upon the question of Jones' promise to pay $100, the alleged difference in values, the testimony is in direct conflict. The chancellor decreed in favor of complainants, and therefore must have resolved this conflict in their favor. Matters of proof, to some extent collateral to this issue of fact, shed some light on this inquiry, which will be more appropriately considered under the second ground of defense.

The agreement of exchange was oral, and is so set forth in the bill. It was first made with Mr. McLure, husband of respondent, while she was a feme covert. It is averred and

[McLure v. Tennille.]

proved that, pursuant to this agreement of exchange, each party took possession of the land acquired by its terms, and so held possession for several years, and until the testimony was taken in this case. McLure died in 1885, or 1886, and it is charged that, subsequent to that time, Mrs. McLure ratified the agreement of exchange made by her husband; that she and Jones agreed to perfect the contract by mutual deeds, to be executed one to the other, and that Jones complied with his part of the contract by executing a deed to Mrs. McLure. It is further averred that Mrs. McLure failed and refused to comply with her part of the contract, and refused to execute a deed to Jones. The testimony for complainants, if believed, proves this version of the transaction to be the true one.

The defendant's contention is, that she never agreed to make the exchange except on the receipt of $100, difference in values; that Jones never paid the difference, or any part of it, and that falling in debt to her on other account, in a sum equal to the value of the land, he conveyed it to her in payment of that debt. And she denies that the conveyance was made to her in pursuance, or recognition, of the oral agreement of exchange. The testimony given for her tends to prove this version to be true.

Among other defenses, the defendant pleaded the statute of frauds—that the alleged agreement of exchange was not in writing signed by the party sought to be charged. Taking the facts set up in the bill, and testified by complainants' witnesses, to be a true presentation of the transaction as it occurred, the execution of one deed was the consideration —the whole consideration—for the execution of the other. Our statute of frauds—Code of 1886, § 1732—which requires contracts for the sale of lands to be in writing signed, expressly excepts from its operation cases in which the purchase-money, or a portion of it is paid, and the purchaser put in possession by the seller. The proof in this case shows that Jones, the purchaser, took possession as of right, soon after the agreement was made with Mr. McLure, and that ever afterwards he remained in possession, paying the taxes, and enjoying the rents and profits; and this with knowledge of Mrs. McLure, and without objection from her. This, if true, takes this contract out of the influence of the statute of frauds.—*Derrick v. Brown,* 66 Ala. 162; *Heflin v. Milton,* 69 Ala. 354; *Singer Man. Co. v. Sayre,* 75 Ala. 270; *Shakespeare v. Alba,* 76 Ala. 351.

[Jones v. Lockard.]

We hold that the chancellor did not err in weighing the evidence, and we find no error in the record.

Affirmed.