# Spies *v.* Price.

*Bill in Equity by Purchaser, in nature of Specific Performance.*

1. *Specific performance in favor of purchaser, against third person advancing money and taking deed from vendor as security.*—When a purchaser of land has been placed in possession, and has paid part of the purchase-money, but, being unable to pay the balance, procures a third person to advance it for him, taking a conveyance from the vendor as security for its re-payment; the relation between him and such third person is that of vendor and vendee, the transaction is a conditional sale, and a court of equity will decree a conveyance of the legal title on re-payment of the money so advanced,

2. *Parol trust in lands.*—As a general rule, a trust created by an agreement which, though verbal, is a valid and operative contract

[Spies v. Price.]

for the sale of lands under the statute of frauds (Code, § 1732, subd. 5), constitutes an exception in equity to the statute (*Ib.* § 1845) relating to parol trusts in lands.

2. *Application of payments.*—In the absence of application by either of the parties, the law applies a general payment on a running account to the several debits in the order of time in which they accrued, without reference to the fact that one may be better secured than another.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS W. COLEMAN.

The bill in this case was filed on the 8th April, 1889, by Richardson D. Price, against Charles Spies, and was in the nature of a bill for specific performance; seeking to procure the legal title to a tract of land, which the complainant purchased, in June, 1875, from Josephine and Florillus Nicholson, and of which he was then put in possession, paying part of the purchase-money, but which was afterwards conveyed by them, at his instance, to the defendant, who advanced the balance of the purchase-money due, and, as alleged in the bill, took a conveyance of the legal title to himself as security for the repayment of the money so advanced. The defendant, by demurrer, set up the statute of frauds, and the statute against parol trusts in lands (Code, §§ 1732, 1845;) and he further insisted, in his answer, that he was entitled to hold the legal title to the land, under an agreement with the complainant, as security for the payment of advances made by him from time to time to the complainant. The chancellor overruled the demurrer and the plea, and, on final hearing on pleadings and proof, rendered a decree for the complainant; holding that he was entitled to a conveyance of the legal title, on payment of a small balance due ($11.45), and $20 as part of the costs. The defendant appeals, and assigns each decree as error.

FAITH & ERVIN, for appellants, cited *Moseley v. Moseley*, 86 Ala. 289; *Lehman v. Lewis*, 62 Ala. 133; *Bates v. Kelly*, 80 Ala. 145; *Irwin v. Bailey*, 72 Ala. 467; *Knight v. Luke*, 69 Ala. 423; *Ellis v. Burden*, 1 Ala. 464; *Sims v. McEwen*, 27 Ala. 184.

WM. E. RICHARDSON, *contra*, cited *Micou v. Ashurst*, 55 Ala. 607; *Kelly v. Payne*, 18 Ala. 371; *Bates v. Kelly*, 80 Ala. 142; *Meyer Bros. v. Mitchell*, 75 Ala. 473; *Anthe v. Heid*, 85 Ala. 236; *Lehman v. Lewis*, 62 Ala. 129; *Harrison & Robertson v. Johnston*, 27 Ala. 445; *Byrd v. Odem*, 9 Ala. 755.

CLOPTON, J.—The case made by the bill is, that complainant purchased, in June, 1875, the land in controversy

from Josephine and Florillus Nicholson. No conveyance, or other written instrument evidencing the sale, was made, but complainant paid a part of the purchase-money, and was put in possession. Having paid all the purchase-money, except one hundred and eighty-five dollars of the principal and accrued interest, and being unable to pay the balance, complainant applied to defendant to advance one hundred and fifty dollars, which his vendors offered to accept in full satisfaction of the unpaid purchase-money. By verbal agreement, thereupon entered into by the parties, in July, 1878, defendant advanced the required amount, and took from complainant's vendors a deed to the land as security, the title to be conveyed to complainant upon payment of the sum advanced, and the expenses of closing the transaction.

The case made by the bill falls within the ruling in *Moseley v. Moseley*, 86 Ala. 289, to the effect, that when a purchaser of land, having made partial payment, and being unable to complete the payment of the purchase-money, procures a third person to loan or advance the money for that purpose, to whom he causes a conveyance to be made by his vendor, the title to be conveyed to him on re-payment, the relation between such third person and the purchaser is that of vendor and vendee. The transaction is a conditional sale, and the remedy of the purchaser, on payment being made, is a bill in the nature of a bill for specific performance of the contract. Such is the character of the present bill.

It is insisted, that the agreement between complainant and defendant, resting in parol, comes, according to the further ruling in *Moseley v. Moseley, supra*, within the provision of section 1845 of the Code, which declares : "No trust concerning lands, except such as results by implication, or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereunto in writing." Well recognized exceptions have been in equity engrafted upon the statute ; two of which were mentioned in the case cited—one being the admissibility of parol evidence to convert an absolute conveyance into a mortgage ; and the other, where the legal title *is acquired* by a fraudulent conveyance, such as by a false and fraudulent promise to hold and use the title for agreed purposes, and a subsequent conversion to other purposes,—a trust *ex maleficio*. A parol contract for the sale of lands, or interest therein, when the purchase-money or a portion thereof is paid, and the purchaser put in possession of the land by the seller, is an express exception in the

[Spies v. Price.]

statute of frauds. These two things concurring, withdraw the contract from the operation of the statute.—Code, § 1732 ; *Heflin v. Milton*, 69 Ala. 354. It may be stated, as a general rule, that a trust created by an agreement, though verbal, which is, under the provisions of the statute of frauds, a valid and operative contract for the sale of lands, constitutes in equity an exception to section 1845. This exception, like all equitable exceptions, proceeds on the ground of fraud. If, therefore, complainant, being in possession under his original contract of purchase, was permitted to continue in possession of the land under the agreement with defendant, and has paid the money advanced, including the expenses of the transaction, while thus in possession, a court of equity will compel the execution of the trust, by enforcing specific performance of the contract, if it be otherwise unobjectionable ; thus preventing the perversion of the statute to the consummation of a fraud.

The answer admits the material allegations of the bill in respect to the terms of the agreement, superadding that the legal title was to be held also as security for advances to be then and thereafter made, to aid complainant in carrying on his gardening and farming operations. Complainant first introduced in evidence the entire depositions of defendant; but the amendment of the note of testimony, striking out portions thereof, and such portions not having been re-introduced by defendant, leaves the testimony of complainant as to the terms of the agreement uncontradicted. His evidence establishes the contract as alleged in the bill. A few days after the execution of the deed to defendant, complainant gave him a note for one hundred and sixty dollars, being for the sum advanced for complainant, and ten dollars as commissions or expenses. On this note, complainant made two payments, of twenty-five dollars each; and the balance was carried and included in a note for two hundred and twenty-nine dollars, due June 1, 1880. In a statement of the account between the parties from June 1, 1880, to July 1, 1881, furnished by defendant, the first item is the last mentioned note, the other items being for advances from time to time. On the general account payments were made in April and May, 1881, leaving a balance due of two hundred and fifty dollars, for which amount complainant gave his note July 1, 1881. Appropriating the payments according to the rule, that, in absence of application by either of the parties, the law applies a general payment on a running account to the debits in the order of time in which they accrued, without reference to the fact that one item may be better secured than another, it appears that the note for two hundred and

[Waldman v. North British & Mercantile Insurance Company.]

twenty-nine dollars was paid; and this accords with the conduct of defendant, for on the settlement of that account he delivered the note to complainant.—*Harrison v. Johnston,* 27 Ala. 445.

Complainant testified that, at the time he gave the note for two hundred and twenty-nine dollars, he consented that defendant could retain the title to the land as security for its payment, and this is corroborated by the indorsement on the note. He also denies any agreement that the title should be retained as security for subsequent advances, as set up in the answer. It is unnecessary to inquire whether such agreement is shown with certainty. It is conceded to have been oral. In such case, when complainant seeks to redeem, defendant can not maintain the right to hold the land as security for such advances, without a violation of the statute of frauds.—*Lehman v. Collins,* 69 Ala. 127.

Complainant, having been put in possession by his vendors, and having remained in possession under the agreement with defendant, and, as we have seen, having paid the entire amount advanced by him, is entitled to have the legal title conveyed to him.

There is no error in the decree of which appellant can complain, and it is affirmed.