(81 South. 682)

FORMBY v. WILLIAMS.   (7 Div. 951.)

(Supreme Court of Alabama.   April 10, 1919.)

1. FRAUDS, STATUTE OF ⊂⇒129(12) — PAROL LEASE—PART PERFORMANCE.

Continuance in possession by lessee after termination of lease and the spreading of fertilizer over the land by lessee prior to date of alleged parol lease for another term upon crop-sharing basis is not such possession of the land or such part performance as to take the parol lease out of the statute of frauds under Code 1907, § 4289.

2. EVIDENCE ⊂⇒422—PAROL EVIDENCE—DUE DATE OF MORTGAGE.

The due date of mortgage cannot be varied by parol evidence.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by John F. Williams against R. L. Formby. Judgment for plaintiff, and defendant appeals. Affirmed.

Ross Blackmen and Willett & Walker, all of Anniston, for appellant.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

THOMAS, J.   The action was unlawful detainer, and judgment was in favor of plaintiff in the justice court. The defendant's appeal to the circuit court resulted in judgment for the plaintiff, from which this appeal is prosecuted.

The controverted question of fact was whether plaintiff had contracted with defendant for the rental of lands involved for 1918. That the relation of landlord and tenant existed between the parties in 1917 is not disputed.

In the trial plaintiff was asked on cross-examination the date of his first intimation as to when defendant "was going to deny the ten bales of cotton as rent" for 1917. He replied: "On November 7th, the same day I sold him the mules." Defendant's counsel asked when he (defendant) was to pay this debt; and the witness inquired, "That mortgage?" Defendant's counsel asked whether it was intended that the debt evidenced by the mortgage should not mature until November 15, 1918. The court sustained objection—the mortgage being the better evidence—and exception was reserved. Defendant's counsel stated that he wanted to ask the witness if it was not a fact that this mortgage (dated November 7, 1917) was not to mature until November 15, 1918. Plaintiff objected on the ground that the evidence was irrelevant. Defendant again presented the question by asking the witness what was the agreement as to the time the debt secured by this mortgage should mature, and in support thereof said:

"This paper for the mules is dated November 7, 1917, and payable on or before November 15, 1917. * * * Now, it is entirely competent to show by Mr. Williams * * * that the consideration of this mortgage was the purchase price of those mules, and that the payment of the purchase price * * * was not to have been made until November 15, 1918, as going * * * to corroborate Mr. Formby in his statement that the mules were sold to him by Mr. Williams for a certain purpose"—to cultivate the land in question.

The court sustained objection to the effort to vary the due date of the mortgage by parol.

[1] The primary question for decision is whether under the statute of frauds defendant's alleged parol contract for rent of the land for 1918 was valid. If invalid, plaintiff was entitled to the affirmative charge; and the exceptions reserved on exclusion of evidence seeking to vary the due date of the mortgage, if well taken, would not avail defendant. The provisions of our statute to prevent frauds and perjuries, applicable to this inquiry, are as follows:

"In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing: (1) Every agreement which, by its terms, is not to be performed within one year from the making thereof. * * * (5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller." Code 1907, § 4289.

The exception from the statute of parol contracts for sale of lands—when the purchase money, or a part thereof, is paid and the purchaser is put in possession of the land by the seller—has long been recognized by the courts. The expressions, "payment of purchase money" and "purchaser be put in possession of the land by the seller," have been the subject of much judicial discussion. It has been declared that:

(1) The part performance by a vendee or lessee must have been with the "consent" of the party to be charged, or with his "knowledge" from which his consent is implied. Danforth v. Laney, 28 Ala. 274, 278; Brock v. Cook, 3 Port. 464; Allen v. Booker, 2 Stew. 21, 25, 119 Am. Dec. 33; Arrington v. Porter, 47 Ala. 714, 721; Houston v. Hilton, 67 Ala. 374, 377; Heflin v. Milton, 69 Ala. 354, 357; Brewer v. Brewer, 19 Ala. 481, 488; Spies v. Price, 91 Ala. 166, 168, 169, 8 South. 405; Manning v. Pippen, 95 Ala. 537, 542, 11 South. 56; Shakespeare v. Alba, 76 Ala. 351, 356; Linn v. McLean, 85 Ala. 250, 4 South. 777;

McLure v. Tennille, 89 Ala. 572, 8 South. 60; Bain v. Wells, 107 Ala. 562, 571, 19 South. 774; Williams v. Morris, 95 U. S. 444, 456, 457, 24 L. Ed. 360; 9 Rose's Notes, pp. 283–285; Grant v. Naylor, 4 Cranch, 235, 2 L. Ed. 603; Browne on Statute of Frauds, §§ 468, 469, 483.

(2) The delivery of possession must be by one who has that possession, either actual or constructive to deliver. McKinnon v. Mixon, 128 Ala. 612, 617, 29 South. 690; Danforth v. Laney, supra; Linn v. McLean, supra. And the taking of the possession must not only be "notorious" and "exclusive" in character, but, to avail such purchaser or tenant in the specific performance of his right or title so asserted, the possession must be continuous. Allen v. Booker, supra; Cummings' Heirs v. Gill's Heirs, 6 Ala. 562, 564; Chambliss v. Smith, 30 Ala. 366; Brewer v. Brewer, supra; Hawkins v. Hudson, 45 Ala. 482, 494, 495; Price v. Bell, 91 Ala. 180, 8 South. 565; Spies v. Price, supra, 91 Ala. 168, 169, 8 South. 405; Trammell v. Craddock, 93 Ala. 450, 452, 9 South. 587; Dahm v. Barlow, 93 Ala. 120, 124, 9 South. 598; Linn v. McLean, supra, 85 Ala. 250, 253, 4 South. 777; McLure v. Tennille, supra; Riggles v. Erney, 154 U. S. 244, 254, 14 Sup. Ct. 1083, 38 L. Ed. 976; Ducie v. Ford, 138 U. S. 587, 594, 11 Sup. Ct. 417, 34 L. Ed. 1091; Purcell v. Miner, 4 Wall. 513, 517, 18 L. Ed. 459; 6 Rose's Notes, 628–630; Browne on Statute of Frauds, §§ 469, 471, 473, 474, 478, 485; Reed on Statute of Frauds, § 562, p. 196x. Abandonment by purchaser or tenant will not defeat recovery by the vendor or landlord of purchase money or rents under an executed contract. Shakespeare v. Alba, supra; Steadham v. Parrish, 93 Ala. 465, 9 South. 358; Dahm v. Barlow, supra; Eubank v. May & Thomas Co., 105 Ala. 629, 632, 17 South. 109; A. G. Rhodes Fur. Co. v. Weeden & Dent, 108 Ala. 252, 255, 19 South. 318. It is further required of the possession taken by a vendee or lessee that it be contemporaneous with or immediately consequent upon the parol contract and in pursuance thereof, which facts must be established by proof clear, unequivocal and definite in terms. 2 Story's Eq. Jur. (14th Ed.) § 1050, and many authorities; Aitkin v. Young, 12 Pa. 24.

(3) The acts of part performance must refer exclusively to the contract sought to be enforced and be such as would not be done but for the latter. Shakespeare v. Alba, supra; Linn v. McLean, supra; McLure v. Tennille, supra; Bain v. Wells, supra; Pike v. Pettus, 71 Ala. 98; Brock v. Cook, supra, 3 Port. 464; E. T. V. & G. R. R. Co. v. Davis, 91 Ala. 615, 619, 8 South. 349; Cummings v. Gill, supra; Danforth v. Laney, supra, 20 Ala. 278, and authorities; Chambliss v. Smith, supra; Frame v. Dawson, 14 Ves. 385, 387; Arrington v. Porter, supra; Brewer v.

Brewer, supra; Purcell v. Miner, supra; Williams v. Morris, supra; Wilmer v. Farris, 40 Iowa, 309, 310; Browne's Statute of Frauds, § 476; Reed on Statute of Frauds, § 570. That is to say, acts of part performance cannot be explained consistently with any other contract than the one alleged. Danforth v. Laney, supra, 20 Ala. 274, 275; Linn v. McLean, supra; Pike v. Pettus, 71 Ala. 98; Irwin v. Bailey, 72 Ala. 467; 2 Story's Eq. Jur. (14th Ed.) § 1048; Byrne v. Romaine, 2 Edw. Ch. (N. Y.) 445, 446; Jervis v. Berridge, 42 N. J. Ch. 518; Lindsay v. Lynch, 2 Schoales & Lefroy, 1, 7; Strehl v. D'Evers, 66 Ill. 77, 79; McFarlane v. Dickson, 13 Grant, Ch. 263, 277; Sitton v. Shipp, 65 Mo. 297, 298. Neither possession without payment of the whole or a part of the purchase money, nor payment without letting into possession, will meet the requirements of the statute. Heflin v. Milton, 69 Ala. 354; Manning v. Pippen, supra; Allen v. Booker, supra; Carroll v. Powell, 48 Ala. 298, 302; Dahm v. Barlow, supra; Shakespeare v. Alba, supra; McMahan v. Jacoway, 105 Ala. 585, 17 South. 39; McKinnon v. Mixon, supra; Glass v. Hulbert, 102 Mass. 24, 3 Am. Rep. 418; Browne on Statute of Frauds, § 470. Both must concur, but need not be contemporaneous. L. & N. R. R. Co. v. Philyaw, 94 Ala. 463, 10 South. 83; Powell v. Higley, 90 Ala. 103, 7 South. 440; 2 Story's Eq. Jur. (14th Ed.) § 1049. The agreed consideration may be the construction of specified improvements, or performance of other work and labor for the vendor or lessor in lieu of the payment of money, if that execution or performance is after possession is taken, and is pursuant to the contract. E. T. V. & G. R. R. Co. v. Davis, supra.

(4) The acts of part performance must follow, not precede, the contract or completed agreement. Pfiffner v. Stillwater R. R., 23 Minn. 343, 344; Shakespeare v. Alba, supra, 76 Ala. 355; McLure v. Tennille, supra; Bain v. Wells, supra; Colgrove v. Solomon, 34 Mich. 494, 499; Ludwig v. Leonard, 9 Watts & S. 44, 49; Lumpkin v. Johnson, 27 Ga. 485, 490; Williams v. Morris, 95 U. S. 457, 24 L. Ed. 360.

(5) And not be done "prematurely or too late." Pike v. Pettus, supra; Thynne v. Lord & Countess of Glengall, 2 House of Lords Repts. 131, 157, 158; 2 Reed on Statute of Frauds, § 573.

(6) As a corollary to the foregoing requirements to authorize specific performance, the acts of part performance should be such as to give a mutual right to perform, and its specific execution must effectuate the real intention of the parties and be free from any hardship or oppression. 2 Story's Eq. Jur. (14th Ed.) § 1048; Irwin v. Bailey, 72 Ala. 467; Moon's Adm'r v. Crowder, 72 Ala. 79; Goodlett v. Hansell, 66 Ala. 151; Linn v. McLean, supra; Dimmick v. Stokes, 151 Ala. 150,

154, 43 South. 854; Tombigbee V. R. R. Co. v. Fairford Lbr. Co., 155 Ala. 575, 587, 47 South. 88; Wood v. Lett, 195 Ala. 601, 71 South. 177.

Of the possession of lands by tenants, as affected by the statute of frauds, it is held that, where one already in the possession of land as a tenant verbally contracts with the owner for a new term, his mere continuing in possession for the time embraced by the old lease is not an act of "taking possession" within the meaning of the rule, so as to justify a decree for a lease according to the alleged new contract. Danforth v. Laney, 28 Ala. 274, 275; 2 Story's Eq. Jur. (14th Ed.) § 1049, note 2, and authorities there collected. In such a case of tenancy the possession is referred to the title under which it is then held. McCarthy v. Nicrosi, 72 Ala. 332, 334, 47 Am. Rep. 418; Linn v. McLean, supra; note 2, 2 Story's Eq. Jur. (14th Ed.) § 1049.

In his work on the Statute of Frauds (volume 2, § 585), Mr. Reed collects many authorities (Place v. Johnson, 20 Minn. 219, 226 [Gil. 198]; Spaulding v. Conzelman, 30 Mo. 177, 182; Cornellison v. Cornellison, 1 Bush. [Ky.] 149; Johnston v. Glancy et al., 4 Black. [Ind.] 94, 98, 28 Am. Dec. 45; Newman v. Carroll, 3 Yerg. [Tenn.] 18, 26) supporting his text that a continuance in possession, taken before the making of the parol contract which is sought to be enforced, is not "usually" sufficient part performance of the latter (Wills v. Stradling, 3 Ves. Jr. 378, 381; Danforth v. Laney, supra); that "where the previous holding as is generally the case, is under a lease, the rule is all the stronger, for a tenant of course continues in possession unless there is a notice to quit, and therefore such continuance is presumptively referable to the lease," citing Lincoln v. Wright, 4 De Gex & Jones, 15, 19. The Lord Justice Knight Bruce observed:

"I agree that in general where a man holding the actual possession of land, as tenant, under a landlord, enters into a verbal agreement for purchasing the land, the mere circumstance that after the agreement the tenant continues in possession does not amount to part performance."

The holding, however, was that where the former tenant remained in possession for ten months after expiration of the lease, making claim as purchaser and paying interest on the purchase price, the statute of frauds was no defense to a bill by such purchaser to enforce the agreement.

In Wills v. Stradling, 3 Ves. Jr. 378, a bill by the tenant of a farm for a specific performance of a parol agreement for a new lease, stating improvements made at a considerable expense and "continuance of possession" after the expiration of the old lease and "payment of an increased rent under the agreement," notwithstanding the plea of the

statute of frauds, defendant was ordered to make answer. In Mr. Summers' Edition, with American notes to the report of Wills v. Stradling, is contained the following note:

"It is essential that acts of part performance should clearly appear to be done solely with a view to the agreement being performed. For, if they are acts, which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. Id. § 762; Phillips v. Thompson, 1 Johns. Ch. (N. Y.) 149; Parkhurst v. Van Cortlandt, 1 Johns. Ch. (N. Y.) 283. If the possession be delivered and obtained solely under the contract; or, if, *in case of a tenancy* (Italics supplied), the nature of the holding be different from the original tenancy, *as by payment of a higher rent, or by other unequivocal circumstances, referable solely and exclusively to the contract;* there, the possession may take the case out of the statute. Especially will it be held to do so, where the party, let into possession, has expended money in building, or repairs, or other improvements; for, under such circumstances, if the parol contract were to be deemed a nullity, he would be liable to be treated as a trespasser; and the expenditures would not only operate to his prejudice, but be the direct result of a fraud practiced upon him."

The text of the recent edition (14th) of Story's Eq. Jur. vol. 2, §§ 1049, 1050, is of like purport to the foregoing note, and to which is added a statement of the required evidence to prove a new lease by and on the part of a tenant, as distinguished from a tenancy at will or for a term, by holding over. Crommelin v. Thiess & Co., 31 Ala. 412, 70 Am. Dec. 499; Walker v. Gunnels, 188 Ala. 206, 208, 66 South. 45; Adler & Co. v. W. Ry. of Ala., 192 Ala. 507, 68 South. 361; Patterson v. A. C. L. R. R. Co., 202 Ala. 583, 81 South. 85. The rule of evidence is as follows:

"But in order to take a case out of the statute upon the ground of part performance of a parol contract, it is not only indispensable that the acts done should be clear and definite, and referable exclusively to the contract, but the contract should also be established by competent proofs to be clear, definite, and unequivocal in all its terms. If the terms are uncertain or ambiguous, or not made out by satisfactory proofs, a specific performance will not (as indeed upon principle it should not) be decreed." 2 Story's Eq. Jur. § 1050.

Of lease contracts, it has been declared of a parol lease, whether for more than one year, or for one year to begin at a future date, under which possession was surrendered and taken and a part payment of the rent is made and received, that the agreement was thereby rendered in all respects as valid as if it had been reduced to writing and duly signed by the parties. A. G. Rhodes Fur. Co. v. Weeden & Dent, supra; Martin v. Blanchett, 77 Ala. 288; Shakespeare v. Alba, supra; Eubank v. May & Thomas Hdw. Co., supra.

203 ALA.—2

In Singer Mfg. Co. v. Sayre, 75 Ala. 270, Mr. Justice Somerville observed of the general rules that when a tenant for years holds over after the expiration of his term, in the absence of evidence to the contrary, the law will imply an agreement to continue the lease for another year upon the same terms and conditions; "but such implication is destroyed, if a new contract, essentially different in its terms and conditions, is made, and the inference is fair that it was intended to displace the old one." Horton v. Wollner, 71 Ala. 452; Crommelin v. Theiss & Co., supra; Walker v. Gunnels, supra; Shakespeare v. Alba, supra; Edwards v. Fry, 9 Kan. 417, 423. The reason on which such rules rest demands that some act be done to the possession calculated, or tending, to give notice of a change of holding. McCarthy v. Nicrosi, supra; Watt v. Parsons, 73 Ala. 202; Linn v. McLean, supra. Mere repairs or improvements under the old lease in expectation of a new one will not suffice. Byrne v. Romaine, 2 Edwards, Ch. Rep. 445.

In Linn v. McLean, 85 Ala. 250, 253, 4 South. 777, 778, Mr. Chief Justice Stone said:

"There can be no question that Linn, through Nash, was in possession as lessee, on February 13, 1885. It is not pretended he went out of possession, and was again put in. His possession, until he was superseded by the receiver, was continuous. Taking possession as a lessee, that status is presumed to continue until a change of title, or changed relations, are affirmatively shown. We do not say that, if there be proof that the lease was converted into a purchase, that would not change the character of Linn's holding. The possession is referred to the title under which it is held. McCarthy v. Nicrosi, 72 Ala. 332 [47 Am. Rep. 418]. What we do affirm is that a possession taken as lessee, and continued without visible change, does not tend to prove that such occupant was put in possession of the land as purchaser by the seller, so as to meet that provision of the statute of frauds. No act was done calculated, or tending, to give notice of a change of holding. McCarthy v. Nicrosi, 72 Ala. 332 [47 Am. Rep. 418]; Watt v. Parsons, 73 Ala. 202."

In an action of ejectment plaintiff is shown never to have had possession of the lands sued for, claiming them under an invalid tax title; he sold them to the party who was in possession and took for the purchase money his note containing no recital that it was for purchase money. A partial payment being made by the purchaser and no deed being delivered, such purchaser subsequently sold the property to defendant, executing a deed to him; held that the sale by the plaintiff was void under the statute of frauds, and therefore defendant was not estopped, as a subvendee of the plaintiff, from denying plaintiff's title. The Justice observes:

"In Franke v. Riggs, 93 Ala. 252 [9 South. 359], and again in McMahan v. Jacoway, 105 Ala. 585 [17 South. 39], it was held by this court that one occupying lands under a rental

contract does by continuing to occupy after an agreement to purchase from his landlord, and part payment, take possession as to validate the sale within the exception of the statute. This is not plainly reconcilable with the opinion expressed in Linn v. McLean, 85 Ala. 250 [4 South. 777], where it was said: 'A possession taken as lessee and continued without visible change does not tend to prove that such occupant was put in possession by the seller, so as to meet that provision of the statute of frauds.' If the cases affirming the proposition are correct, it must be upon the consideration that the tenant's possession was that of the landlord, and that the same was transferred to the latter by the former by force of the agreement to sell." McKinnon v. Mixon, 128 Ala. 612, 616, 617, 29 South. 690, 691.

A reference to these cases (Franke v. Riggs, supra; McMahan v. Jacoway, supra) shows that the tenant in possession purchased the lands from his landlord during his tenancy. The contract in Linn v. McLean, supra, was for the sale of an interest in the lands by McLean to Linn with covenants of warranty of "all the ochre which the said Linn might be able to mine and take out of the land up to the 1st of January, 1887," and gave him an option of becoming the absolute purchaser of the land, within twelve months, on the terms therein specified. Linn was put in possession under the original contract, paid the purchase price for the ochre, and, the bill alleged, within the twelve-month period, being in possession, Linn elected to purchase the land; and it was insisted that McLean was entitled to enforce a vendor's lien for the unpaid purchase price upon tender of a conveyance. The defendant set up the statute of frauds by plea and answer. The chancellor held the plea insufficient and rendered a judgment for McLean for the purchase price of the lands, and which judgment was reversed by this court. Of the original payment of the $1,000 as part payment of the purchase price of the land, under the terms of the option to purchase contained in the lease, Judge Stone observed:

"There can be no question that, up to and on February 13, 1885, this thousand dollars was the purchase price of the lease, and only of the lease. It was no part of the purchase money of the land, for up to that time there had been no contract of purchase. Was its status then changed, and, if changed, by what means? We submit if the argument does not at last resolve itself into this: That the possession, and payment of the thousand dollars, make the oral election sufficient; and the oral election transfers that payment from the lease to the purchase, and thus takes the case without the influence of the statute of frauds. Which is the major, and which is the minor factor, it is not so easy to determine. It is manifest that the legal validity of the contract must depend on the sufficiency of Jones' letter."

The conclusion reached is unassailable that the election and acceptance by defendant's attorney, not being authorized in writing, did not bind Linn to the payment of the purchase price; "nor is the case taken out of the statute, on the ground of part performance, by the possession given and taken under the original contract, and the original payment for the ochre." In the cases referred to by Judge Sharp, in McKinnon v. Mixon, supra, by contract of parties the relation of landlord ceased to exist, and the continued possession was not that of a tenant, but as the owner of the premises by reason of the executed contract for sale.

Defendant attempted to show oral agreement to re-rent the land for 1918, on different terms and conditions (the preliminary discussions to that end beginning as early as February or March, 1917, while defendant was hauling fertilizer or manure), when, defendant says, plaintiff told him to put all the fertilizer he could on the land and the latter would "pay for it." This is his version of the consummated contract:

"He (plaintiff) wanted me to make it rich, so I went on and put several wagon loads of fertilizer, about a hundred, or possibly more, on the place in the spring, and in the fall Mr. Williams bought 100 carloads, he told me, from the government. He came out to see me and told me he wanted me to handle and distribute the 100 carloads for him. I was to have the place for 1918, and Mr. Williams wanted me to spread the 100 carloads of fertilizer, and we talked about renting a little, one way and another, and I told him I thought the best way and the fair way would be for a third and fourth, and he said, if I would spread 100 carloads of fertilizer, he would let me have it for a third and fourth. I told him I would not do it for one year; that it would cost a good deal to spread the fertilizer. He said: 'I don't want you to do it for one year; you can stay there for two years, and longer if you want to.' He agreed to accept a third and a fourth cotton for rent for the year 1918. Mr. Williams also asked me to fix up the house for another year. I didn't do any work. He wanted me to get some shingles, and I had not made any arrangement to get any shingles until we had discussed it. This conversation took place about the middle of the fall. I didn't haul any of the fertilizer that I agreed to haul because he told me to get all I could out of the camp and he would pay for it."

Later on in his testimony defendant declared:

"The trade that I made with him to rent the farm for a third and fourth for 1918 was about the time I bought the mules from him" (November 7, 1917); that he and Williams never had but one trade for the rent of the place for 1918; and that was when it "was agreed I was to have it for a third and fourth."

When defendant's testimony is considered, it will be noted that the fertilizer hauled and scattered by him on plaintiff's land was referable to the lease for 1917, the benefits of which would accrue to defendant as a tenant

renting for a fixed sum. Though defendant testified that he and Williams consummated the agreement for rent of the lands for 1918 for a "third and fourth of the crop to be grown, on or about November 7, 1917," if this be taken as the true date of the alleged new lease on different terms and conditions, the defendant failed to discharge the burden of proof that was cast on him under the law to show clearly, definitely, and unequivocally that the performed part payment of the purchase price or rental for the year 1918, by work and labor done, was referable exclusively to the parol contract for lease for 1918. Placing of fertilizer on the land before the date of the alleged lease for 1918 was no part performance to support his possession as a tenant for said subsequent year. Under the authorities, defendant's holding over was referable to his former tenancy and not to a new lease.

The affirmative charge should have been given at plaintiff's request in writing.

[2] As tending to support the ruling of the trial court in not permitting the written contract in question to be varied by parol, in a litigation between the same parties to the writing, are 1 Greenl. Ev. §§ 277, 279; 2 Story, Eq. Jur. (14th Ed.) § 230; Windham v. Hydrick, 197 Ala. 125, 72 South. 403; Holland v. Kimbrough, 52 Ala. 249, 250; Venable v. Thompson, 11 Ala. 147; Wells v. Thompson, 50 Ala. 83; Cunningham v. Milner, 56 Ala. 522; Lehman Bros. v. Howze & Creagh, 73 Ala. 302; Holly v. Pruitt, 77 Ala. 334; Coleman v. Pike County, 83 Ala. 326, 3 South. 755, 3 Am. St. Rep. 746; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; B. & A. Mortg. Co. v. Cody, 135 Ala. 622, 33 South. 832; Murchie v. Cook, 1 Ala. 41. The instant exceptions do not come within the cases permitting the true date of the execution or delivery of a writing to be shown by parol evidence. Nelson v. Brown, 164 Ala. 397, 402, 51 South. 360, 137 Am. St. Rep. 61; Aldridge v. Bank at Decatur, 17 Ala. 45; Burns & Co. v. Moore, 76 Ala. 339, 52 Am. Rep. 332; Hauerwas et al. v. Goodloe, Rec., 101 Ala. 162, 13 South. 567; Strehl v. D'Evers, supra.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.